## Hagan, et al. v. Mason-Hanger Construction Company, et al.

(Decided March 16, 1923.)

## Appeal from Fayette Circuit Court.

Master and Servant—Evidence Held to Sustain Board's Finding
Parents Were not Dependent on Deceased Employee.—Evidence
that deceased employee, who was a minor, had not contributed any-
thing to the support of his parents during the past six months, and
in fact they did not know where he was, but that previous to that
time he had given them certain personal property on leaving home,
held to sustain the finding of the compensation board that the
parents were not dependent on the deceased employee, so that such
finding was conclusive upon the courts.

CARRICK & KEENON and CHARLES S. MONTGOMERY for ap-
pellants.

MAT S. WALTON and CHAS. I. DAWSON, Attorney General, for
appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

This appeal involves the correctness of a ruling of
the board of workmen's compensation denying Art
Hagan and his wife compensation as dependents of their
deceased son, Ernest Hagan, who lost his life by an ac-
cident arising out of and in the course of his employ-
ment while working for appellee Mason-Hanger Con-
struction Company. Ernest Hagan was a boy about
eighteen years of age, when, in August, 1919, he left his
home on a farm in Casey county and made his way to
Lexington, where he shortly thereafter took employment
with a farmer and worked for a short time. He then
obtained a job with the appellee, Mason-Hanger Con-
struction Company, at the time engaged in building the
LaFayette Hotel in the city of Lexington. While young
Hagan was on the roof of the building engaged in his
employment, he fell through an airshaft, fourteen stories
down to the basement, and was instantly killed. He
left home in August, 1919, and came to his death in
June, 1920. Before he left home he helped his father
and mother about the place. In 1919 he cultivated a
small crop of corn and also a small patch of tobacco on
his own account. He owned a horse and perhaps some
other personal property which he left at home. His

father is a very poor man. He sold his son's crop of tobacco for $20.00 which he converted to his own use, and used the corn in taking care of the family. While away young Hagan wrote his father one letter, telling him to sell the horse, but he did not give the father the funds. While away young Hagan never sent any part of his wages to his father or mother. Neither of them derived any part of their support from the son during his absence. In fact they had never been dependent upon him so far as the evidence shows, although they expected aid from him in the future. Although he left some personal property at home when he went away, this appears to have been a gift, if it passed to his father. Upon these facts the board of compensation held that "for six months prior to his death he (Ernest) did not contribute anything to the support of either parent. In fact they did not know what had become of their son, as he had not written them for several months. . . . At the date this young man was killed he was boarding at Lexington, Kentucky, away from the home of his parents. They were farming in Casey county, and by their own efforts were able to get along without contribution from the decedent, whom they had not heard from or received any contribution from for something like six months prior to his death. The parents failed to qualify as dependents under the law at the date of the accident resulting in the death of their son, and hence they are not entitled to compensation in this case."

This finding of fact was fully supported by the evidence. By the terms of the act it is the duty of the board to make a finding of fact, and if this finding of fact be supported by the evidence, or any part of it, it is conclusive upon the courts. Andrews Steele Co. v. McDermott, 192 Ky. 680.

As young Hagan was not contributing to the support of his parents at the time of his death and the parents, who are now appellants, were not dependent upon him for support within the meaning of the statute under which the compensation board operates, they were not entitled to compensation, and the board properly denied their application.

Inasmuch as the Fayette circuit court reached this conclusion, the judgment must be and is affirmed.

Judgment affirmed.