## Furnace Coal Mining Company v. Carroll.

### (Decided October 2, 1925.)

### Appeal from Pike Circuit Court.

Master and Servant—Compensation Board's Fact Findings on Evidence Conclusive.—Findings of fact by Workmen's Compensation Board, where there is no claim of fraud, are conclusive on circuit court, unless there is entire absence of evidence to support them.

WILLIAM M. DUFFY for appellant.

D. H. HATCHER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On December 8th, 1922, appellee's husband was hurt in the coal mines of the appellant by a large block of slate which fell on his leg and broke it and which also injured his back and crotch. On January 14th following, while in the hospital being treated for his broken leg, he died. Appellee, in due time, made application to the Workmen's Compensation Board for compensation for her husband's death. The compensation board found that his death was due to heart trouble, which was not occasioned in any way by the injuries he had sustained in the accident referred to and declined to allow appellee any compensation for such death. She appealed to the Pike circuit

court, which reversed the award of the compensation board on the ground that it was of the opinion that appellee's husband "died from injuries received while working in the mines" of appellant. Appellant appeals from this judgment of the circuit court.

It is well settled that the findings of fact by the Workmen's Compensation Board, where there is no claim of fraud, are conclusive unless there is an entire absence of evidence to support them. Hazard Blue Grass Coal Corporation v. Scott, 206 Ky. 759, 268 S. W. 548; Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Cf. Kentucky Statutes, section 4935. In this case, there is no claim of fraud, and the evidence is more than ample to support the board's finding of fact. Hence such finding was conclusive and the circuit court on appeal was without power to upset it. As there was no complaint of the board's award if its finding of fact was correct, the circuit court should have affirmed it. The judgment of the circuit court is therefore reversed, with instructions to reinstate the award of the compensation board.