## Darby Harlan Coal Company v. Fee, et al.

(Decided May 14, 1926.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Circuit court's action in setting aside award of Workmen's Compensation Board is not reviewable as to claimant who filed no cross-appeal.

2. Master and Servant—Findings of Fact of Workmen's Compensation Board as to Dependency Held Conclusive (Ky. Stats., Section 4935).—Extent of dependency of claimant is a question of fact, and Workmen's Compensation Board having made finding with respect thereto, circuit court was without jurisdiction to change that finding, in view of Ky. Stats., section 4935.

SAMPSON & SAMPSON and C. T. DOTSON, for appellant.

POPE & HUFF and D. Y. LYTTLE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The Darby Harlan Coal Company has appealed from an award of $4,000.00 made to Minerva Fee. On December 4, 1923, in the course of his employment as a miner for the Darby Harlan Coal Company, Chester Fee received injuries from which he died.

On January 11, 1924, his mother, Minerva Fee, filed an application with the Workmen's Compensation Board for compensation and she named as the dependents of Chester Fee, herself as his mother, his two brothers, John Fee, aged twelve, Fred Fee, aged eleven, and his widow, Bertha Fee. Three days thereafter she filed a second application in which she claimed compensation

for herself and her two sons, and alleged that Bertha Fee was never legally married to deceased. Three days after that, Bertha Fee filed her application in which she claimed to be the widow of Chester Fee and entitled to all of the compensation. The matter was heard by the Hon. Felix M. Dumas, and on April 1, 1924, he made a finding that Minerva Fee was one-fourth dependent upon decedent and had been for one year prior to his death, and that his widow was totally dependent. He found that the marriage between Bertha and Chester Fee was valid. He found the average weekly wages of deceased were sufficient to entitle the dependents to the maximum compensation. He awarded to Bertha Fee compensation at the rate of $9.00 per week for a period of 335 weeks, and to Minerva Fee $3.00 per week for the same period. On April 6, 1924, the Darby Harlan Coal Company, filed a motion for a review before the full board. On June 3, 1924, the board entered an order setting aside the above award and reopening the case. On November 10, it reinstated the above award. On November 29, the Darby Coal Company filed in the Harlan circuit court a petition for review. That court on February 8, 1925, rendered a judgment in which it set aside that part of the award made by the Workmen's Compensation Board in which Bertha Fee was held to be three-fourths dependent and Minerva Fee one-fourth dependent; adjudged that Bertha was not the widow of Chester Fee, and hence entitled to receive nothing by reason of his death. It adjudged that Minerva Fee should recover for her benefit and that of her two infant sons, Fred and John, the sum of $4,000.00 due and payable at the rate of $12.00 per week for a total of 335 weeks, with interest on past due installments. From that judgment the Darby Harlan Coal Company has appealed. Bertha Fee has filed no cross-appeal, hence the correctness of the court's action so far as Bertha Fee is concerned is not before us.

The board in its finding awarded to Minerva Fee $3.00 per week for partial dependency. The circuit court modified that award and adjudged her to be totally dependent. This was erroneous. The extent of the dependency of Minerva Fee upon the earnings of her son was a question of fact, and the board having found her to be one-fourth dependent, the court was without jurisdiction to change that finding to total dependency, as findings of fact made by the Workmen's Compensation Board, when

supported by evidence, are conclusive on the courts. Hagen v. Mason-Hanger Const. Co., 198 Ky. 326, 248 S. W. 896; Beaver Dam Coal Co. v. Hocker, 202 Ky. 398, 259 S. W. 1010; section 4935, Kentucky Statutes.

Judgment is, therefore, reversed.