## Wallins Creek Collieries Company v. Cole.

(Decided February 4, 1927.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Compensation Board's Finding of Fact on Evdience is Conclusive (Ky. Stats., Section 4935).—Under Ky. Stats., section 4935, finding of fact by Workmen's Compensation Board is conclusive and binding on courts, if there is any competent evidence to support it.

2. Master and Servant—Finding Employee's Conditon was Due to Pre-existing Disease and Not Injury Held Supported by Evidence. —Finding of Workmen's Compensation Board that employee's condition was result of pre-existing disease, and not injury resulting from accident arising out of and in course of employment, held supported by sufficient evidence as to preclude modification or setting aside of order.

A. G. PATTERSON for appellant.

POPE & HUFF for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee was denied compensation by the Workmen's Compensation Board and he appealed to the Harlan circuit court. That court set aside the finding of fact made by the board and entered a judgment awarding appellee compensation at the rate of $15.00 per week for eight years, the total compensation not to exceed $6,000.00. In his petition for review filed in the circuit court appellee charged that the order entered by the board was procured by fraud. No evidence was introduced, however, as to fraud, and the only question left for consideration is whether there is any evidence to warrant the board's finding of fact.

The finding of fact by the board is conclusive and binding on the courts if there is any competent evidence to support it. Section 4935, Kentucky Statutes; Darby Harlan Coal Company v. Fee, 214 Ky. 470, 283 S. W. 438; Coleman Mining Company v. Wicks, 213 Ky. 134, 280 S. W. 936; Smith v. Standard Sanitary Manufacturing Company, 211 Ky. 454, 277 S. W. 806.

The compensation board found, in effect, that appellee's physical condition was due to pre-existing disease and not to an injury resulting from an accident that arose out of and in the course of his employment. Two physi-

cians, who examined appellee a short time after he claimed the accident occurred, testified there was no evidence that appellee had received any injury. They further testified that his condition was the result of disease not caused by traumatic injury. There is considerable evidence tending to show that appellee's physical condition is the result of traumatic injury by an accident which arose out of and in the course of his employment. However, there is some evidence to warrant the finding of fact made by the board, and the circuit court was without jurisdiction to modify or set aside the board's order.

Judgment reversed, with directions to dismiss the petition.