# Cogdill v. Struck Construction Company, et al.

(Decided March 18, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Master and Servant.—Findings of fact by Workmen's Compensation Board, if supported by any competent evidence, are conclusive on the court.
2. Master and Servant.—Evidence held to sustain Workmen's Compensation Board's finding of fact that injury to ankle did not arise out of and in the course of claimant's employment by construction company.

W. W. DOWNING for appellant.

ROBT. F. VAUGHAN for apppellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, claiming that he was suffering from injuries resulting from an accident that arose out of and in the course of his employment with the appellee, filed an application for compensation with the Workmen's Compensation Board. His application was dismissed by the board on the ground that he had failed to prove that his present disability is the result of injuries received in an accident that arose out of and in the course of his employment with the Struck Construction Company. He appealed to the circuit court and the judgment of the Workmen's Compensation Board was affirmed.

·The sole question to be determined on this appeal is whether there is any evidence to support the finding of fact of the Workmen's Compensation Board. Its findings of fact are conclusive on the court if supported by any competent evidence. Wallins Creek Collieries Company v. Cole, 218 Ky. 116, 290 S. W. 1049; Coleman Mining Company v. Wicks, 213 Ky. 134, 280 S. W. 936.

Appellant claims that while working for appellee he was struck just below the ankle by a heavy iron rod in the hands of a fellow workman, who was a negro, and that the disability from which he is suffering resulted from that accident. The man who was working with him at the time testified that he did not know of appellant being injured and did not hear him complain of any injury. Appellee's superintendent and foreman both testified that no negroes were employed by appellee at the time appellant claims to have received the injury. Six physicians testified, and several of these who examined plaintiff shortly after he claims to have received the injury testified that in their opinion his disability did not result from any accident occurring at the time claimed by him.

There being some evidence to sustain the board's finding in this case, it cannot be disturbed.

Judgment affirmed.