## King Harlan Coal Company, et al. v. Helton.

(Decided April 29, 1927.)

## Appeal from Harlan Circuit Court.

Master and Servant.—Where there was evidence sustaining finding of Workmen's Compensation Board that claimant was not entitled to compensation for injury, circuit court could not set aside its order denying compensation and dismissing application, even if Workmen's Compensation Act (Ky. Stats., section 4935), pro-

viding that award of full board, rendered pursuant to section 4934, shall be conclusive as to questions of fact, were not in existence.

A. G. PATTERSON for appellant.

POPE & HUFF for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On March 11, 1924, the appellee, Tom Helton, who was employed by and working for the appellant, King Harlan Coal Company, sustained an injury arising out of and in the course of his employment, and as a result of which he received a severe lick on his left cheek bone, which was slightly fractured, and his face considerably bruised. He was in the hospital four or five days and under the care of a physician for a considerable time thereafter, during which he was paid his regular wages or compensation; the record not being clear upon that point. His employer, the appellant, had accepted the provisions of the Workmen's Compensation Act, and he had signed its register agreeing to work thereunder. After his physician discharged him, he resumed work with his employer and continued to work thereafter, putting in more time than he had done before the accident. He later made application to the Workmen's Compensation Board for an award and wherein he claimed that he had not recovered from the effects of the injuries to him, and that, as a result of the accident, he had sustained permanent impairment of the sight of his right eye. A hearing was had by one member of the board, and he found that applicant's permanent impairment on account of the accident, including that to his eye, was as much as 25 per cent., and rendered an award in his favor of $3 per week for 335 weeks and his medical expenses not to exceed $100. That award was rendered on June 2, 1925, and within proper time petition and motion was made for its review by the full board, which was had on October 6, 1925.

In the meantime evidence for the employer that had been taken, but for some cause was not considered by the single member of the board when he rendered his tentative award, was filed with the record and heard and considered at the full board hearing. At that hearing, the board denied compensation and dismissed the application because it found from the testimony that the alleged impairment of applicant's sight, and other effects

of which he complained, either did not exist, or, if they did, that they were not the result of the accident. Appellee then filed in the Harlan circuit court a petition for a review of the full board's finding in dismissing his application, and upon a hearing in that court it was adjudged that the order of the board dismissing the application was not sustained by *any* evidence, and was fraudulently rendered, and the tentative award made by the single member of the board on June 2, 1925, was adopted as the judgment of the court, and the board was directed to make it a permanent award, and from that judgment the employer prosecutes this appeal.

We have carefully read this record, and are at a loss to know by what course of reasoning the circuit court arrived at the conclusion it did, even if section 4935, which is a part of our Compensation Act, was not in existence. That section provides among other things that the award of the full board, rendered pursuant to section 4934 of our Statutes (section 51 of the act), "shall be conclusive and binding as to all questions of fact;" provided, as we have held in numerous cases, there was in the evidence heard by it any testimony sustaining its award.

In this case the evidence introduced by appellant, and heard by the full board, whose award the circuit court reviewed, not only showed by expert and other testimony that the matters of which appellee complained did not exist, or, if they did, they did not result from the injuries received in his accident, but it preponderated over the evidence of the appellee and his witnesses tending to establish the contrary. There is absolutely no testimony from any source whatever nor any developed circumstance tending in the slightest to establish fraud on the part of the board or on the part of any one else connected with the case. On the other hand, the circumstances, chief among which was that appellee performed more labor after he returned to his work following the accident than he did before he was injured, strengthened the evidence of appellant and fortified the findings of the full board in dismissing the application.

The latest case involving the same question of practice and circumscribing the duties of courts in reviewing an award is that of Wallins Creek Collieries Co. v. Cole, 218 Ky. 116, 290 S. W. 1049, and which judgment was rendered by the same court that rendered this one. Other cases determining the rule governing courts at the

hearing of such reviews are cited in that opinion. The award involved in the case referred to was attacked in the circuit court upon the same grounds that were urged in this case, and the court set it aside for the same reasons; but we reversed the judgment and in doing so said:

> "No evidence was introduced, however, as to fraud, and the only question left for consideration is whether there is any evidence to warrant the board's finding of fact. The finding of fact by the board is conclusive and binding on the courts, if there is any competent evidence to support it. Section 4935, Kentucky Statutes; Darby Harlan Coal Co. v. Fee, 214 Ky. 470, 283 S. W. 438; Coleman Mining Co. v. Wicks, 213 Ky. 134. 280 S. W. 936; Smith v. Standard Sanitary Manufacturing Co., 211 Ky. 454, 277 S. W. 806."

The opinion later states:

> "However, there is some evidence to warrant the finding of fact made by the board, and the circuit court was without jurisdiction to modify or set aside the board's order."

That opinion and the cases cited therein are conclusive upon us in this case, and which would be true if we left out of consideration entirely the provisions of section 4935, supra.

Wherefore the judgment is reversed, with directions to set it aside and to dismiss the petition