## Looney Creek Coal Company, et al. v. Scott.

(Decided March 13, 1928.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—Where findings of fact in compensation case are in issue, if the award of the Workmen's Compensation Board is supported by any competent evidence, it will be upheld on appeal.

2. Master and Servant.—Finding of fact of the Workmen's Compensation Board, that period of temporary total disability of employee ended on named date and that no partial disability existed thereafter, being sustained by postitive testimony of physician that employee had recovered entirely from injury received, is under Workmen's Compensation Act, sec. 52 (Ky Stats., sec. 4935), binding on appeal.

ASHER & SHEEHAN for appellants.

C. B. SPICER for appellee.

Opinion of the Court by Commissioner Sandidge—
Reversing.

Appellee, Steve Scott, was an employee of appellant
Looney Creek Coal Company.  It had elected to operate
its coal-mining business under the Workmen's Compen-
sation Act, and he had signed the register.  He was in-
jured in the course of his employment, and has been paid
for the ensuing total temporary disability.  On April 5,
1927, the Workmen's Compensation Board, on a review
by the full board of an award previously and within
seven days theretofore made by a single member, con-
cluded and adjudged that appellee's period of temporary
total disability ended January 28, 1926, and that no par-
tial disability either temporary or permanent existed
thereafter, and hence that appellee was not entitled to
receive compensation after that date.  Being dissatisfied
with that award, appellee prosecuted an appeal to the
Harlan circuit court where it was adjudged that the
award of the board was erroneous and that appellee
recover the full amount allowed for total disability for
the maximum period of time.  This appeal is prosecuted
from that judgment.

Four grounds are provided by section 52 of the Ken-
tucky Workmen's Compensation Act (section 4935, Ken-
tucky Statutes), for which on appeal to the circuit court
an award of the board may be reversed, namely:

"(1)   The board acted without or in excess of
its powers.
"(2)   The order, decision or award was pro-
cured by fraud.
"(3)   The order, decision or award is not in
conformity to the provisions of this act.
"(4)   If findings of fact are in issue, whether
such findings of fact support the order, decision or
award."

No contention is made that the reversal of the award
of the board by the judgment of the Harlan circuit court
is justified upon either of the first three grounds men-
tioned.  The reversal was predicated upon the fourth
ground mentioned.  It has often been written by this
court that, where findings of fact are in issue, if the
award of the board is supported by any competent evi-
dence, it will be upheld upon appeal to the courts.  See
Andrews Steel Co. v. McDermott, 192 Ky. 679, 234 S. W.

275; Pope Mining Co. v. Brown, 194 Ky. 714, 240 S. W. 755; Cogar Grain, Coal & Feed Co. v. Workmen's Compensation Board, 195 Ky. 477, 242 S. W. 863; Golden Ash Coal Co. v. Davis, 220 Ky. 224, 294 S. W. 1029; Allen v. Columbus Mining Co., 207 Ky. 183, 268 S. W. 1073; Wallins Creek Collieries Co. v. Jones et al., 214 Ky. 775, 283 S. W. 1067; Wallins Creek Collieries Co. v. Hicks, 216 Ky. 262, 287 S. W. 713.

This court's examination of the evidence heard by the Compensation Board upon which it based the finding of fact that appellee was not disabled as a result of the injury received by him after the date above indicated leads to the conclusion that the Harlan circuit court was in error in concluding that there was no competent evidence to support it: The physician and surgeon who treated appellee testified positively that he had recovered entirely from the injury received in the course of his employment and was no longer disabled thereby. His testimony, as well as that of a number of appellee's acquaintances, was to the effect that such disability as appellee now complains of is due to pre-existing disease and not to the injury in question. The testimony of appellee himself and that of a physician who testified for him tended to establish that he was still disabled as a result of the injury received while engaged in employment from appellant. This court's view of the entire record on the question presented is that the evidence preponderates in favor of the conclusion reached by the Compensation Board that appellee's present disability, if any, is not the result of the injury which he received. In no event is there room for the conclusion that the award of the board is not supported by any competent evidence, the test by which we are bound.

It follows, therefore, that the judgment of the Harlan circuit court reversing the award of the Compensation Board on the question of fact is erroneous, and must be reversed, with direction that appellee's petition to the circuit court be dismissed.