## Utilities Coal Corporation, et al. v. Brock, et al.

(Decided June 22, 1928.)

### Appeal from Harlan Circuit Court.

Master and Servant.—Workmen's Compensation Board's finding, supported by medical testimony, that employee's death was not result of injury, held final and conclusive, being in effect a finding that death was not result wholly or partly of any injury sustained while in employ of corporation appealing from judgment setting aside award denying compensation.

SAMPSON & SAMPSON for appellants.

JAMES S. GOLDEN for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This is an appeal from a judgment of the Harlan circuit court setting aside an award of the Workmen's Compensation Board which denied to appellees any compensation for the death of their decedent, A. J. Brock, and in lieu thereof awarding to the appellees such compensation based on an apportionment of 50 per cent. due to the accident and 50 per cent. due to a pre-existing disease.

The Compensation Board in its award said:

"The board, after carefully considering all the evidence in this case, is of the opinion that the preponderance of testimony shows that the deceased's death was not the result of an injury."

This is a finding of fact that any injury which Brock in his lifetime sustained while in the employ of the appellant had nothing to do with his death. The finding might have been clearer had it said that the deceased's death was not the result in whole or in part of an injury. But, fairly read, that is just what the finding as made by the board means. It is in this that this case is distinguishable from that of South Mountain Coal Co. v. Haddix, 213 Ky. 568, 281 S. W. 493, for there the board made no finding of fact at all, as the opinion says. Here the board did make a finding of fact that any injury Brock received had nothing to do with his death. The board having made this finding, if there was any competent and relevant evidence to support it, it is final and conclusive, as appellees concede. The medical testimony offered by the appellant supports the finding. It is therefore final and conclusive. It results that the judgment of the Harlan circuit court setting aside the award of the board is erroneous. It is therefore reversed, with instructions to enter a judgment affirming the award of the board.

Whole court sitting.