## Wakenva Coal Company v. Combs et al.

(Decided January 28, 1930.)

FAULKNER & FAULKNER for appellant.

ROY HELM for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

While Joe Combs, appellee, was an employee of appellant, he, on March·27, 1927, was injured at Hazard, Ky., while running a coal cutting machine in its mines. His injuries were serious, and he remained in a plaster cast for about a year. During the time that he was in the hospital appellant voluntarily paid compensation to him on the basis of temporary total disability. Before the expiration of one year immediately following the accident, appellee filed his claim before the Workmen's Compensation Board asking for an adjustment of the compensation. The case was heard before a member of the board in April, 1928, and the award made by the single member was reviewed and sustained by the whole board, on November 19, 1928. A petition for review was filed by appellant in the Perry circuit court. That court found that the award made by the Workmen's Compensation Board was correct. This appeal involves the correctness of the judgment of the circuit court.

It is first insisted by counsel for appellant that the finding of fact by the Workmen's Compensation Board, as set out in its opinion and award, is not supported by the evidence in the case. The opinion of the board in making the award stated that in September, 1927, there existed a nonunion of the bone, and that in June, 1928, there was still a nonunion, and that on June, 1929, there was still a nonunion of the bone. The board stated that with the positive fact of a nonunion of the pelvic bone and the deformities there existing it was of the opinion that the plaintiff was entitled to the full amount allowable in such cases for total permanent disabilities.

The hips and pelvis of appellee were broken as the result of the accident, and he received injuries to his chest and back. One doctor testified that he had made a careful examination of appellee at different times and that each time he found. that he was totally and permanently disabled. He expressed a belief that there existed a nonunion of the pelvic bone, but he did not base his opinion of total permanent disability on his conclusion that there was such a nonunion. He gave a detailed statement of the condition of appellee, and his testimony was competent, relevant, and directly touching the subject-matter before the board. He was corrobrated by another doctor. Several doctors testified to the contrary and gave it

548

as their opinion that the total permanent disability of appellee did not exceed 25 per cent.

Counsel for appellant have gone fully into the evidence, and, as the court understands their brief, they are insisting that the board found that there was a nonunion of the pelvic bone, and for that reason made the award, when, as a matter of fact, the evidence did not support their conclusion that there was a nonunion of the pelvic bone. We think the argument made by counsel for appellant is unsound. The question before the board was the extent of the injuries, and the board found on competent evidence that the injuries amounted to a total permanent disability, and there was evidence to sustain that finding. The award should not be disturbed because the board gave as its reason for finding a total permanent disability that there existed a nonunion of the pelvic bone. Leaving that statement entirely out of the opinion of the board, there was competent evidence to sustain its finding that there was a total permanent disability.

This court has often held that, where there is competent evidence to support the findings of the Workmen's Compensation Board, its award will not be disturbed, but will be upheld. Looney Creek Coal Co. et al. v. Scott, 223 Ky. 529, 4 S. W. (2d) 374.

It is insisted that the board acted without authority, or in excess of its powers, by making a finding of fact not supported by the evidence. If that finding of fact was immaterial to the conclusions reached by the board the award should not be set aside because thereof. If the board found that appellee was totally and permanently disabled, but in making the finding gave some reason therefor not supported by the evidence when there were reasons supported by the evidence, the findings of the board should not be disturbed.

Judgment affirmed.