## Mary Helen Coal Corporation v. Hooker.

(Decided February 10, 1931.)

A. G. PATTERSON for appellant.

J. S. GOLDEN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

About ten months after sustaining an injury in the appellant's mine, the appellee, Dill Hooker, filed his application for compensation under the Workmen's Compensation Act, alleging that on April 15, 1927, while laying a mine track, a rail flew back and struck him in the abdomen, causing a rupture. He testified that the bank boss and another superior employee saw the accident, or saw him shortly thereafter. He exhibited his person to several witnesses, who testified that at the

time they observed a swelling, which indicated a rupture, and a red streak across the abdomen. He testified that Dr. Abell and his assistant, who were surgeons for the company, examined him at the time, and told him that he had been ruptured. He says that he was thereafter examined by about thirty doctors, all of whom advised him that he had a rupture, and it appears that by reason thereof he could not secure other employment. But the claimant was not able to give the name of any doctor to whom he applied except Dr. Abell.

Dr. Wilson testified in behalf of the claimant that he had seen the claimant a good many times since the injury, that he was not able to do manual labor, and that his ruptured condition could have been caused by such an accident as Hooker claimed he suffered. He also stated that the claimant had a hydrocele near the hernia. Because he was anemic and had indications of tuberculosis, it was his opinion Hooker was not a good surgical risk, and ought not to undergo an operation. Note provisions of section 4884 of the Statutes with reference to a submission to an operation for relief.

On the contrary, Dr. Abell testified that his record showed an examination of Hooker on March 31 and April 2, 1927, which was just before his employment by the company, and that he was not then ruptured, but had a hydrocele and some tenderness, which, however, would not interfere with his work. He very emphatically contradicts Hooker by saying that he never saw him or treated him after he claims to have been injured. Dr. Cawood testified that he had examined the claimant on August 13, 1929, preparatory to giving his deposition, by an X-ray and physical examination; that there was then no evidence of rupture; that he had a hydrocele of long standing, which was not due to a traumatic injury. This condition might interfere slightly with his work, but could be relieved by a simple operation, which he advised.

It will thus be seen that there was evidence to support the finding of the board, based upon section 4884 of the Statutes, which was approved by the circuit court.

The appellee's motion to strike the bill of exceptions from the record because not filed at the next succeeding term of court is overruled, for the reasons stated in the opinion of Mary Helen Coal Corporation v. Hensley 237 Ky. 348, 34 S. W. (2d).

Judgment affirmed.