## Green River Fuel Company et al. v. Fryar.

(Decided March 7, 1933.)

V. C. McDONALD for appellants.
CASS L. WALKER for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Elmer Fryar, a single man of 21 years of age, was killed by accident in September, 1928, while working for the appellant Green River Fuel Company. T. H. Fryar, father of the decedent, Elmer Fryar, and Kearney Fryar, filed application with the Workmen's Compensation Board of Kentucky for adjustment of claim, in which it was alleged that Kearney Fryar, about 14 years of age, was a cripple and wholly dependent upon his deceased brother, Elmer Fryar, for support at the time of the accident. The case was assigned for hearing in due course, the evidence taken, and the Workmen's Compensation Board found that Kearney Fryar

was partially dependent on his deceased brother, Elmer Fryar, and entered an award on the basis of 15 per cent. dependency, or $1.80 per week for a period of 335 weeks, and burial expenses of the deaceased not to exceed $75.

The petitioner, being dissatisfied with the judgment or award entered by the Workmen's Compensation Board, asks for a full board hearing, which was had and resulted in confirmation of the award allowed originally. The petitioner then appealed from the latter order to the Muhlenberg circuit court for a review of the finding of the board. The circuit court, upon a review of the record, reversed the findings of the board and found and adjudged that Kearney Fryar was wholly dependent upon the deceased, Elmer Fryar, and that he recover the sum of $12 per week for the maximum period of 335 weeks, not exceeding the sum of $4,000, and burial expenses not to exceed the sum of $75, from which judgment appellant prosecutes this appeal.

A number of errors is assigned and insisted on by appellant for reversal, among which most earnestly stressed is that the circuit court was without authority to revise the order of the Workmen's Compensation Board because there is competent evidence to support its findings.

Where there is no claim of fraud or mistake, the Workmen's Compensation Board's findings of facts are conclusive unless there is an entire absence of evidence to support them. Ky. Stats., sec. 4935; Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Furnace Coal Mining Co. v. Carroll, 212 Ky. 1, 278 S. W. 171; Wallins Creek Collieries Co. v. Cole, 218 Ky. 116, 290 S. W. 1049; Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936; Darby Harlan Coal Co. v. Fee, 214 Ky. 470, 283 S. W. 438, 439; Wakenva Coal Co. v. Combs, 232 Ky. 546, 24 S. W. (2d) 275; Mary Helen Coal Corporation v. Hensley, 237 Ky. 348, 35 S. W. (2d) 533; Mary Helen Coal Corporation v. Hooker, 237 Ky. 346, 35 S. W. (2d) 535.

In the case of Darby Harlan Coal Co. v. Fee, supra, the question presented was similar to the present case. The Workmen's Compensation Board found that the petitioner was a partial dependent. The cir-

cuit court modified the award and adjudged her to be a total dependent. The court said:

"The extent of the dependency of Minerva Fee upon the earnings of her son was a question of fact, and, the board having found her to be one-fourth dependent, the circuit court was without jurisdiction to change that finding to total dependency, as findings of fact made by the Workmen's Compensation Board, when supported by evidence, are conclusive on the courts," and cited Hagan v. Mason-Hanger Const. Co., 198 Ky. 326, 248 S. W. 896; Beaver Dam Coal Co. v. Hocker, 202 Ky. 398, 259 S. W. 1010; section 4935, Ky. Stats.

There is considerable evidence in the record to the effect that Kearney Fryar was wholly dependent on the decedent, Elmer Fryar, but it is not within the power of this court to pass on the weight or preponderance of testimony. The single question is whether or not there is any evidence of a substantial nature to support the findings of the board.

O. L. Compton, an employee of the appellant company at the time decedent was employed, testified, in substance, that at the time decedent was employed that he (Compton) made up a record of decedent, and that decedent stated that he had no dependents. A copy of the record is filed with the record herein, and in that record, among other questions, there appears this question, "Other Dependents," and the answer thereto is, "None." The evidence of Compton and the copy of the record filed in support thereof are uncontradicted. There is considerable evidence in the record to the effect that decedent, Elmer Fryar, contributed to the support of other members of his father's family as well as that of Kearney, the alleged dependent. In the testimony of T. H. Fryar, the father, we find this question and answer: Q. 27. "Had this boy been living with you previous to the death of Elmer Fryar?" A. "Well, he had been living with me part of the time, but at the time Elmer got killed he was boarding away from home. I was living so far from town that he couldn't go to school and he had to send him back to Providence." We find testimony of other witnesses to the effect that Kearney Fryar lived with his father part of the time.

The decedent had been working for appellant company only about three days at the time of his death, which was not sufficient time to establish or fix weekly earnings or wages. Hence, it was necessary to ascertain from previous employments, his earnings in order to arrive at a yearly, weekly average wage. By agreement of parties, letters from previous employers were filed with the record as evidence of his average weekly earnings for the year previous to his death. In a letter from one employer, it is disclosed that for the month of January, 1928, his earnings were $61.09; for about one-half of February, 1928, $14.02. In a letter from another employer, it is disclosed that his earnings for the last half of October 1927, were $13.96; first half of November, 1927, $20.79; first half of March, 1928, $17.25; and the last half of March, 1928, $16.04. The letter also disclosed that his father, T. H. Fryar, was employed about the same time and that his earnings were considerably more than decedent's.

The fact that T. H. Fryar, father of the alleged dependent, had earned more money than decedent the year previous to the death of decedent, and that the alleged dependent lived with his father part of the time, and the further fact that decedent stated at the time of his employment that he had no dependents, is sufficient evidence to support the findings of the Workmen's Compensation Board. Moreover, the average weekly earnings of decedent for the year previous to his death, as disclosed by the letters filed with the record, were insufficient, after paying his own living expenses, to contribute $12 per week to the support of the alleged dependent.

For reasons indicated, we are constrained to the conclusion that the circuit court was without power to disturb the findings of the Workmen's Compensation Board, and the order entered by the board should be, and is, affirmed.

Reversed and remanded for proceedings consistent with this opinion.