## Consolidation Coal Co. et al. v. Burns.

(Decided Nov. 19, 1935.)

354

EDWARD C. O'REAR, C. F. PACE and ALLEN PREWITT for appellants.

VAUGHAN & KIRK for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Edgar Burns, claiming that on January 15th, while performing the services of a "coal loader" of the Consolidation Coal Company, he fell on his right leg, thereby sustaining in this leg a ruptured blood vessel, resulting in varicose veins, filed his application with the Workmen's Compensation Board for adjusted compensation.

On the evidence presented to it, the board declined to award Burns compensation. Its finding of facts was that if he had suffered the accidental injury to his leg as claimed by him, it did not result in the disability for which he sought compensation, but it was due solely to pre-existing diseases; i. e., "varicose veins and arthritis." Its conclusion of law was that the burden was upon him to establish that his disability was the result of injury by accident arising out of, and in the course of, his employment. It dismissed his application.

Within the time prescribed by the statute (section 4935), he filed in the Johnson circuit court a petition for a review. No new or additional evidence was introduced in the circuit court.

The circuit court's finding of facts was diametrically opposite that of the Workmen's Compensation Board.

The evidence certified by the Workmen's Compensation Board establishes that while Burns "was pulling slate off of the brow of the room" in which he was loading coal, the rails of the track on which the car, in which he was loading coal, was setting, spread. He placed his shoulder against the right-hand side of the car, and his feet against the side of the rail, with the view of placing the car on the rails, and while so lifting it, his foot slipped, his leg went across the rail with the weight of his body on it, at which time he claims the

veins of his "leg seemed to break," and "caused serious pain." He admits, and the testimony of physicians establishes, that prior to that time he had varicose veins; his knees, ankles, and feet were affected with arthritis. The slipping of his foot, as he described it, did not break the skin on, but bruised, his leg. On the next day he visited a physician, but did not inform him of the injury to his leg. This physician treated him for several days. About the 1st of February, Drs. Spencer and Munn began to treat him and continued to do so for five or six weeks. They diagnosed his trouble to be varicose veins and arthritis. The varicose veins were in both legs, and in their opinion had existed for a long time prior to the beginning of their treatment. He had an infectious condition of the joints—an inflammation of the knee joints, ankles, and feet—which showed some redness and swelling. He did not make known to them that he had sustained an injury at the time he claimed he was lifting the car when his foot slipped. They did not treat him for this, or any, injury. They agreed in the opinion that the inflammation, redness, and swelling of his knee joints, ankles, and feet were the result of an infection, and that neither this condition nor the varicose veins could, or would, have resulted from the injury claimed to have been sustained by him at the time he attempted to lift the car onto the track. Their testimony is convincing that there was no causal connection between his injury and the condition of his knees, ankles, feet, and varicose veins. It is adequate to sustain the board's finding of facts. Fritts v. Linton-Summit Coal Co. (Ind. App.) 197 N. E. 720.

Dr. Castle testified he had treated Burns' "varicose veins," feet, and ankles; that he had a stiffness of the left ankle, and his condition rendered him totally and permanently disabled. This physician was asked whether a fall like that described by Burns would cause his condition. His response was: "Well, it could cause it and then it could not cause it, I don't know." "It would be possible, but not probable."

It was agreed that Dr. Picklesimer would testify to the same state of facts. Burns' description of the manner in which he had sustained the claimed injury to his leg at the time his foot slipped on the rail while lifting the car on to the track was corroborated by Garfield Burchett. Burns' evidence falls far short of establish-

356

ing a causal connection between the injury and his disability. Great Atlantic & Pacific Tea Co. v. Eiseman, 259 Ky. 103, 81 S. W. (2d) 900.

Our resume of it discloses it is abundantly sufficient to sustain the board's finding of facts and conclusions of law.

The circuit court was without authority to try the case de novo, and thus disregard the board's finding of facts, since it was supported by substantial, competent evidence. B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50. In the absence of a plea of fraud or mistake, its finding of facts is conclusive on the circuit court, as well as this court. Furnace Coal Mining Co. v. Carroll, 212 Ky. 1, 278 S. W. 171; Darby Harlan Coal Co. v. Fee, 214 Ky. 470, 283 S. W. 438; Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936; Wakenva Coal Co. v. Combs, 232 Ky. 546, 24 S. W. (2d) 275.

In every such case, where the evidence is merely contradictory, the court may not disregard, nor set aside, the finding of the board. Fordson Coal Co. v. Bledsoe, 236 Ky. 409, 33 S. W. (2d) 302. In this case, the finding of the board is sustained by a preponderance of the competent, relevant evidence. Hence, it should not have been disturbed by the circuit court. Mary Helen Coal Corporation v. Hooker, 237 Ky. 346, 35 S. W. (2d) 535; Kentucky & West Virginia Power Co. v. Terry, 238 Ky. 187, 37 S. W. (2d) 36.

It is our view that the Consolidation Coal Company was entitled to a judgment dismissing the petition.

Wherefore, the judgment is reversed for proceedings consistent herewith.