## Consolidation Coal Co. et al. v. Preston.

(Decided Jan. 17, 1936.)

E. C. O'REAR, ALLEN PREWITT and C. F. PACE for appellant.

VAUGHAN & KIRK for appellee.

Opinion of the Court by Judge Thomas—Reversing.

The appellee and plaintiff below, C. M. Preston, was an employee of the appellant and defendant below, Consolidation Coal Company, as a laborer in one of its coal mines in Johnson county for something like twenty-two years prior to April 17, 1931. On that day he claims to have sustained an injury while engaged in his employment as a miner, brought about by a strain in endeavoring to replace one of the coal mining cars upon the track from which it had become displaced, followed, as he claims, by immediate hernia. Both parties were operating under our compensation statute, and on April 11, 1932 (lacking only six days of one year), plaintiff made application to the Compensation Board for an award based upon what he claimed was total permanent disability, for which provision is made in section 4897 of the 1930 Edition of Carroll's Kentucky Statutes, the maximum amount of which is $15 per week, not to exceed in any case the sum of $6,000. Plaintiff

(employee), after a few days from the time he claims to have received his injuries, continued his work for some weeks. He consulted a physician, who prescribed for him, but for what and to what extent the record does not disclose, since the physician was not introduced as a witness before the board, nor was any testimony of any nature whatever from him produced before the Johnson circuit court on the hearing of the review proceedings filed therein. In the following September, the employee and plaintiff below was examined by Dr. Spencer, who found him to be suffering from bronchitis and perhaps varicose veins, but no complaint was made of any rupture, nor did the physician discover any condition that could have been produced by the alleged strain sustained by appellee in April prior thereto. Dr. Pickleseimer was introduced as a witness by plaintiff. He visited or saw him on January 11, 1932. Besides discovering hernia on both sides, the witness also found plaintiff's condition to be abnormal in a number of other respects, one of which conditions was varicose veins. The witness also said that he found his patient to be suffering with "chronic bronchitis and chronic myocarditis." He stated that he could not tell "anything about the age of this hernia" from the examination he made, which he claimed was more or less critical. The witness also stated that he could not tell "whether it (hernia) was a few days old or a year old," and that hernia was quite common in that section of the country with men of the age of Preston. He also stated that his partner, Dr. Castle, either at that time or theretofore, had treated Preson "for his legs and, I believe, some for his heart." The witness was asked in a hypothetical question whether or not the accident upon which the proceeding was based, and which it is claimed produced the hernia, could have so terminated, and his answer was, "Yes, it could."

Dr. Hall, a physician introduced by the employer, made a more or less exhaustive examination of the employee with all of the modern instruments and contrivances for accurate development, and he positively stated that applicant was not suffering from hernia and that the condition he found could not have been produced in the manner that the plaintiff claimed. On the contrary, he said his afflictions, which were many, were congenital and "at least of several years duration." Other physicians assisted witness in making that exam-

ination, but neither of them were introduced or testified on either side. The Compensation Board found that the disability (the extent of which was in dispute), for which plaintiff seeks compensation, was not produced by the cause that he urged as a basis for his claim, and dismissed his application.

He then filed this petition for a review in the Johnson circuit court, and, upon trial thereof (and, as was proper), only the evidence heard before the board was introduced, at the conclusion of which the court adjudged that the award of the board "be and the same is hereby set aside and held for naught, and the Workmen's Compensation Board is hereby directed to enter an award in favor of plaintiff against defendant for the sum of $6,000.00, payable at the rate of $15.00 per week over a period of not to exceed 416 weeks," etc. From that judgment appellant prosecutes this appeal, urging two grounds for reversal: (1) That the court erred in reversing the board's finding of fact that the extent of plaintiff's disability, by whatsoever produced, was not due to the accident that he claims to have sustained as "arising out of and in the course of his employment;" and (2) that, since there was a contrariety of proof as to the extent of Preston's disability, the court should not have directed the judgment that the board should enter upon the return of the case to it.

We are quite convinced that both grounds are meritorious and furnish complete authority for a reversal of the judgment. Both the statute, and an unbroken line of opinions from this court, announce the practice to be, in proceedings of this nature, that the finding of the board, if supported by any competent evidence, is final and cannot be disturbed by the court when applied to on a petition for review. See section 4935 of our Statutes, supra, and the many cases cited in the notes thereto, some of which, directly applicable to the facts of this case, are Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Darby Harlan Coal Co. v. Fee, 214 Ky. 470, 283 S. W. 438; Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936; Wallins Creek Collieries Co. v. Cole, 218 Ky. 116, 290 S. W. 1049; Wells Elkhorn Coal Co. v. Vanhoose, 220 Ky. 381, 295 S. W. 464; Wakenva Coal Co. v. Combs, 232 Ky. 546, 24 S. W. (2d) 275; Fordson Coal Co. v. Bledsoe, 236 Ky. 409, 33 S. W. (2d) 302; Kentucky & West Virginia Power Co. v. Terry, 238 Ky. 187, 37 S. W. (2d) 36, and

a number of others that are cited in those opinions. This record contains positive professional testimony, not only that the alleged accident to plaintiff did not produce the hernia of which he complained, but also that he was not afflicted with hernia at all. Furthermore, the same testimony described conditions that even the layman would doubt as resulting from any such alleged injury, and which the expert witness positively stated was due to some other causes, which he termed as "congenital." That evidence, if not fortified by any other, or by any circumstance in the case, was alone sufficient to sustain the board's finding and which, under the rule, supra, the Johnson circuit court was not authorized to disturb. It is therefore clear that ground 1, relied on for reversal, should be and it is sustained.

Ground 2 is equally available to appellant. The rule determining when the circuit court, to which application for review is made, may direct the particular award that should be rendered, and when it may not do so, but should remand the trial of the application back to the board, is clearly set forth in our opinion rendered in the case of Marian Mining Co. v. Bowling, 239 Ky. 724, 40 S. W. (2d) 370, 371. In construing the provisions of section 4935, supra, of our Statutes, we therein said, inter alia: "Under that provision two lines of opinions have grown up in this court, (1) wherein it was held that the reviewing court might, under the circumstances presented in the particular case enter a final judgment different from the award under review, and (2) wherein it was held that it was the duty of the reviewing court when it concluded that there was error in the award to remand the cause to the board for further consideration by it."

That excerpt was followed by the listing of our prior supporting cases of Broadway & Fourth Avenue Realty Co. v. Metcalfe, 230 Ky. 800, 20 S. W. (2d) 988, and Hardy-Burlingham Mining Co. v. Hunt, 238 Ky. 589, 38 S. W. (2d) 460. We then proceeded to point out the class of cases coming under subdivisions 1 and 2 of the inserted excerpt from the Bowling opinion, and in doing so said: "Cases in class (1) will be found to be those (a) wherein only a question of law was involved and the board erroneously determined it, or (b) where there was no contrariety of testimony and the

proof was clear and certain as to the facts, but the board found the facts contrary thereto. Cases in class (2) are those where there was a contrariety in the testimony so as to present an issue of fact to be determined in the first instance by the board, which is the only agency erected by the law for the purpose of making such findings, when there is a contrariety of testimony touching the disputed facts."

Therefore, if there had been no evidence in this case contradicting the right of the employee to compensation, and, if it indisputably had been one entitling the applicant to some compensation, then the amount thereof within the limitations of the applicable statute was a question to be determined by the board, since there was a contrariety of testimony as to the extent of applicant's disability, and which made a question exclusively for the determination of the board. Instead, as we have seen, the court determined for itself that the applicant was totally and permanently disabled, and adjudged him entitled to receive the maximum amount allowed by the compensation statute, which, under the opinions, supra, and many others that might be cited, was clearly erroneous and beyond its jurisdiction. However, our disposition of ground 1 effectually terminates the case and eliminates the necessity of any new hearing before the board.

For the reasons stated, the judgment is reversed, with directions to set it aside and to enter one dismissing the petiton for review.