## South Mountain Coal Company v. Haddix, et al.

(Decided March 16, 1926.)

### Appeal from Breathitt Circuit Court.

1. Master and Servant—Award of Compensation Board, Without Finding of Facts, Held Defective (Ky. Stats., Section 4933).—Failure of compensation board to make finding of fact as required by Ky. Stats., section 4933, in proceeding where issue of whether pre-existing disease contributed to injury was contested, held to make award fatally defective.

2. Master and Servant.—Compensation Board must separate results of pre-existing disease from those of accidental injury and apportion award acccordingly.

2. Master and Servant.—Compensation board must separate results ing of Facts Held Not to Preclude Appeal (Ky. Stats., Section 4935). —Though finding of facts of compensation board is necessary basis

for review of award, in view of Ky. Stats., section 4935, which provides that evidence heard before board cannot be reviewed except to determine whether finding is supported by some substantial evidence, failure to make such finding does not render an appeal from award impossible.

ROBERT T. CALDWELL and O. H. POLLARD for appellant.

POLK SOUTH, JR., and SOUTH STRONG, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Reversing.

This is an appeal from an affirmance by the circuit court of an award by the Workmen's Compensation Board in favor of appellee Haddix.

While at work in appellant's mine and following a strain from working, appellee suffered a hemorrhage of the left lung. The question at issue between the parties was whether the strain or pre-existing disease was the sole cause or whether both were contributing causes of the hemorrhage.

The preponderance, if not the whole of the evidence, supports the latter view, but neither the circuit court nor this court is permitted to review the evidence except to determine whether or not the board's finding of fact is supported by some substantial evidence. Section 4935, Kentucky Statutes; Furnace Coal Mining Company v. Carroll, 212 Ky. 1, 278 S. W. 171. In this case the board made no finding of fact as it is required to do by section 50 of the act (4933, Kentucky Statutes). This was due, no doubt, to the fact that at that time the board was acting upon the belief that it was immaterial whether and to what extent pre-existing disease contributed to the injury if it resulted directly from an accident arising out of and in the course of the employment. This court, however, frequently has held that the board must separate the results of pre-existing disease from those of accidental injury and apportion the award of compensation accordingly. Robinson-Pettet Co. v. Workmen's Compensation Board, 201 Ky. 719, 258 S. W. 318; Employers' Liability Assurance Corporation v. Gardner, 204 Ky. 216, 263 S. W. 743, and B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50.

As neither the circuit court nor this court is permitted to review the evidence except to determine whether it supports the board's findings of fact and con-

clusions of law, it is at once apparent that a finding of facts by the board is not only determinative of the right to compensation and its amount, but is the necessary basis for any review of the award by the courts.

It was not intended, of course, that the board by failing or refusing to make such a finding could render an appeal from its award impossible. Hence it must follow, it seems to us, that an award not supported by a finding of facts is fatally defective and can not be sustained upon appeal unless, perhaps, where there is no conflict in the evidence upon any question of fact upon which the right to compensation or its amount might depend.

Such is not the case here and the judgment of the circuit court affirming the award must be reversed and the cause remanded to the board with directions to rehear the application and determine from the evidence whether pre-existing disease contributed to the injury, and if so to apportion the award accordingly.