## Cornett v. Fordson Coal Company et al.

(Decided November 25, 1930.)

POPE & POPE and F. L. HUFF for appellant.

CALVERT & BRUCE for appellees.

Opinion of the Court by Commissioner Stanley—
Affirming.

The appellant, T. W. Cornett, was injured while employed in the mine of the appellee Fordson Coal Company, on March 5, 1927. He returned to work on March 23rd, but quit on April 25th. Some time thereafter he resumed his employment, and appears to have continued therein during the time referred to in this record. Pending an investigation or determination as to the extent of the employee's injury, the company paid him, under the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.), $154.28, being at the rate of $15 a week.

A year thereafter the employee asked for an adjustment of compensation for his injuries. After a hearing, a member of the board found that he had been totally disabled three weeks, for which he was entitled to receive $15 a week less one week waiting period; also, that he had suffered 25 per cent. permanent disability, for which he was awarded $3 a week for 332 weeks. It was stipulated that the only question involved was the extent of the employee's injury. Upon a review by the full board, the award of the one member was set aside and the claim dismissed. The order merely recited that "the Board having further considered the record herein, and being sufficiently advised, now finds, orders and adjudges that the claim for compensation be and the same is hereby dismissed." Upon a review by the circuit court, the order was approved, and this appeal follows.

It is vigorously argued by the appellant that it was the duty of the board to make a statement of its findings of fact and of law, and because of that failure a reversal of the judgment of the court is required. Section 4933 of the Statutes provides that the board or any of its members, after a hearing, shall make "a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue." This is a wise and wholesome provision, for without such a statement litigants and counsel are left in the dark as to the basis for decision. Likewise the court which must pass upon the findings of the board as an administrative body cannot act intelligently. The importance of this procedure is reflected in section 332 of the Civil Code of Practice providing for a separation of findings of law and fact by the court upon trials by him of questions of fact, for on

review, as in decisions of the Workmen's Compensation Board, a different degree of consideration is to be given the respective conclusions. In every case, therefore, the board ought to comply with the letter and the spirit of the statute in this regard and separate its factual findings from its legal conclusions. South Mountain Coal Co. v. Haddix, 213 Ky. 568, 281 S. W. 493.

But in this case, with the record before the court, we have no doubt that the dismissal of the claim for compensation was founded on the finding that the physical condition of the employee was not due to the injury and that he had been fully compensated by the company for such disability as resulted from the accident. Hence the judgment will not be reversed for a reference to the board that it may modify its orders.

Two other points made are that there was no special plea that the disability arose from a pre-existing condition and that the burden was on the employer to prove it, which was not done. If we should concede the points to be well taken, they would hardly be applicable. It is manifest that the evidence on the one hand tended to show that the employee's condition was due to the injury sustained in the accident, and, on the other hand that it was due to a disease not attributable to trauma, and which may have existed at the time of the accident or which may have subsequently developed. A consideration of the two questions therefore is not pertinent to a decision of the case.

The evidence offered in support of plaintiff's claim to additional compensation was submitted by depositions taken in June, 1928. He testified that, when he was thrown from a car in the mine, he was hurt in the head, neck, and shoulders, and that some ribs were broken. Before that time, he was in sound health and worked every day and had no trouble with his head, neck, or nerves. At the time he testified he had no use of his hands when he raised them above his shoulders, and it was necessary that he should have another to do certain work for him in the mine, and that his neck and shoulders "have never been right." Before the injury he was making $6 or $7 a day. Since that time the company had given him a better chance under better working conditions, and he averaged about $4.30. A chiropractor had been treating him since the injury was sustained, and he testified that his general symptoms were a partial

paralysis of the right arm, and that Cornett had severe pains in the back of his head, neck, and shoulders. This condition he testified could have been caused by a blow or accident. He considered the appellant to be 40 per cent. disabled, but was of the opinion that, if taken care of, he would again become an able-bodied man. The report of the company's physician at the time appellant sustained his accident showed that he had suffered abrasions on the face, the fracture of two ribs, and a strain of the muscles of the neck due entirely to the injury and not to any previous sickness or injury contributing to his disability.

The evidence of the defendant company was confined to the testimony of Dr. George C. Leachman, an eminent physician in Louisville, to whom the employee was sent shortly after the accident. Dr. Leachman testified as to the complaints made by the patient, and stated there was no visible evidence of an injury. An X-ray picture was taken by another physician, who reported that he was suffering from chronic infection or arthritis, which is inflammation of a joint. A nerve specialist also examined him and reported that he had arthritis and cervical neuralgia which always accompanied arthritis. The three physicians agreed in their diagnosis of the case. While it is now contended that the evidence of Dr. Leachman as to the report of the other two physicians is hearsay and incompetent, no objections were made either at the hearing or on the trial before the circuit court, and they must now be considered waived. The records of the company show that, except the period from April 25, 1927, to about December 1, 1927, the employee was pretty regularly employed, and that his average earnings equaled those made before the accident occurred.

The decision of the full board, of course, superseded the award made by the one member, and the sole question before the courts has been whether there was any evidence of probative value to support the finding of the board. The foregoing statement of the evidence demonstrates, we think, that the proof authorized such a finding.

The judgment is therefore affirmed.