## Fordson Coal Company v. Bledsoe et al.

(Decided December 2, 1930.)

CLEON K. CALVERT and J. G. BRUCE, for appellant.

J. LEONARD DAVIS for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

The appellee, Randolph Bledsoe, a miner, was injured in the course of his employment with appellant. He was paid, under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.), for thirteen weeks for temporary total disability. The board has allowed compensation for the entire loss of his left arm, and that has been confirmed by the circuit court.

There is no issue as to the extent of the loss, but it is vigorously contended by the appellant that there is no probative evidence warranting the conclusion that it is entirely due to the accident. It is insisted that 50 per cent. of the disability is due to pre-existing disease. The employee's arm was broken and mangled by falling coal. His injuries were slow in healing, and a test made showed that he had a syphilitic infection. The ultimate result has been the entire paralysis and loss of the arm. This condition, it is agreed by the doctors, is due to the severance of the musculospiral nerve. The difference of opinion is as to the proximate cause of the severance.

Four doctors introduced by the claimant testified that the nerve was torn in two, which condition they attributed to the accident. Two of them say that while syphilitic infection may have retarded the knitting of the bone, it would not have affected the nerve. Two surgeons who set the broken bone and sutured the torn muscles state positively that the nerve was not severed by the accident, and they and Dr. Cawood, who had also been in attendance on him, express the opinion that it

was due to the formation of scar tissue or callous of an inferior quality which had formed around the broken bone and gradually impinged on the nerve until it had either been severed or otherwise rendered useless. Two of these doctors had had the opportunity of seeing within the wound, while the surgeons testifying in behalf of the appellee based their conclusions from visual and palpate examinations and the study of the subsequent condition.

There is and can be no question of the settled rule that under admitted or uncontradicted facts the decision of the Compensation Board as to the extent of a compensable injury is a matter of law and reviewable by the courts as such; also, that if there is any testimony of evidential value supporting the award, the decision on the facts will be affirmed. Section 4935 of the Statutes has been many times so construed. The application of these rules is the duty before us.

The act (section 4880, Ky. Stats.), provides that there is no liability on the part of the employer for an injury which is the result of a pre-existing disease. Robinson-Pettet Company v. Workmen's Compensation Board, 201 Ky. 719, 258 S. W. 318. If an accident and a pre-existing disease contributed concurrently to produce the disability, compensation must be allowed only for the proximate contribution of the accident to the result. B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50. In that case the employee had suffered a slight burn for which compensation was allowable. It failed to heal due to infection caused by a diabetic condition, and there was evidence that both the disease and the injury proximately contributed to his death. The finding of the board was that his death was the result of the injury. The award was set aside by this court because the uncontradicted evidence was to the effect that both the injury and the disease contributed to the ultimate result, and on that evidence the board should have reduced the compensation to the extent of the contribution of the disease. Of like character is Employers' Liability Assurance Corporation v. Gardner, 204 Ky. 216, 263 S. W. 743; Broughton's Adm'r v. Congleton Lumber Co., 235 Ky. 534, — S. W. —.

The case at bar is different. There was a contradiction in the evidence respecting this subject, and therefore some evidence supporting the award. The testimony of the employee himself might have been epitomized in

paraphrase of that given by the blind man of old: "One thing I know that, whereas before the accident I had the use of my left arm, now I have not." Compare Edgewater Coal Co. v. Ramey, 235 Ky. 703, —— S. W. ——. The testimony of the doctors introduced by him is regarded by appellant's counsel of no evidentiary value because it consists of opinions based, as they say, upon the assumption of a severance in the accident. We are cited to judicial statements to the effect that expert opinion evidence is of the lowest quality. Such are very broad statements and subject to many qualifications. As is pointed out in the recent criminal case of Stewart v. Commonwealth, 235 Ky. 670, 32 S. W. (2d) 29, the line between statements of opinion and of fact is sometimes shadowy. The evidence of these doctors is based on the examination of the patient and their professional experience and learning. The statements are given as a diagnosis consisting of fact and opinion. They cannot be disregarded even though one may consider that the examination or inspection by the company's doctors afforded a more substantial basis for the diagnosis or opinion evidence given by them.

The judgment is affirmed.