## Octavia J. Coal Mining Company et al. v. Calloway et al.

(Decided April 24, 1931.)

CALDWELL & GRAY for appellant.

G. R. BLACKBURN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant, hereinafter called the coal company, has appealed from a judgment awarding to the appellees compensation for the death of Theodore Calloway one of its employees.

On February 14, 1928, while at work for the coal company, Theodore Calloway suddenly died under such circumstances that his death might be attributed to an accident. On August 24, 1928, Miranda Calloway et al., his sisters and brother, made application to the Workmen's Compensation Board on "form 11" for an adjustment of compensation. The coal company resisted the claim and asserted the said employee had died from natural causes. Much conflicting evidence was heard, and on August 5, 1930, one member of the board made this order:

"This claim having been submitted to the Workmen's Compensation Board for trial and award upon the pleadings, proof and record, and the Board having considered same and being sufficiently advised, finds, orders and adjudges that the claimant has failed to sustain the burden of proof that the death of Theodore Calloway was the result of a

personal injury by accident arising out of and in the course of his employment while employed by and working for the defendant and therefore the application for adjustment of claim filed herein is dismissed.''

Miranda Calloway et al., asked a review by the full board, and that it make a statement of its finding of facts and rulings of law, but the full board on October 21, 1930, without modification of it, sustained the order of August 5th.

On October 27, 1930, Miranda Calloway et al. filed in the Pike circuit court a petition for review, which resulted in an award by the circuit court to the claimants of $4,-000, payable in weekly installments of $12 each. That was erroneous. The Compensation Board has never made such a finding of facts and rulings of law thereon, as it is required by section 4933 of Ky. Stats., shall be filed. The board's order is a bare conclusion, without supporting findings of either law or facts.

The circuit court should have remanded the case to the board, with directions to comply with the statute by making such findings. See Broughton's Administrator v. Congleton Lumber Co., 235 Ky. 534, 31 S. W. (2d) 903. In this state of the record there is no need to discuss the evidence or express an opinion upon it, and all questions not expressly decided are reserved.

The judgment is reversed, and the cause remanded to the circuit court, with directions to enter an order remanding the case to the board, and directing it to proceed as indicated.