## Hardy-Burlingham Mining Company v. Hurt et al.

(Decided May 1, 1931.)

CRAFT & STANFILL for appellant.

T. E. MOORE and J. A. SMITH for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Section 4933 of the Statutes requires the Workmen's Compensation Board in hearings of contested applications for compensation to file with the record of the proceedings a statement of its findings of fact, rulings of law, its award, and any other matters pertinent to the question at issue. The requirement that the board shall file its findings of fact is particularly important because, on petitions for a review of its award in the circuit court, the findings of fact, if supported by any relevant and competent evidence, are conclusive on that court as well as this. But if no findings of fact are filed, the circuit court and this court are helpless to review the award, unless, perchance, there is no dispute in the evidence or in the inferences to be drawn from it, since otherwise it is not possible to know upon what state of case the board rested its conclusions of law. Such conclusions are not

binding on the circuit court or this court, and they may or may not be correct as the state of fact upon which they are rested is one way or the other. As we said in South Mountain Coal Co. v. Haddix et al., 213 Ky. 568, 281 S. W. 493:

"As neither the circuit court nor this court is permitted to review the evidence except to determine whether it supports the Board's findings of fact and conclusions of law, it is at once apparent that a finding of facts by the Board is not only determinative of the right to compensation and its amount, but is the necessary basis for any review of the award by the courts.

"It was not intended, of course, that the Board, by failing or refusing to make such a finding, could render an appeal from its award impossible. Hence it must follow, it seems to us, that an award not supported by a finding of facts is fatally defective and cannot be sustained upon appeal unless perhaps where there is no conflict in the evidence upon any question of fact upon which the right to compensation or its amount might depend."

The instant case is one of a number which has recently come to this court wherein the Compensation Board has failed to file, as the statute requires, a statement of its findings of fact. Some of the cases we have been able to dispose of because there was no dispute in the facts or in the inferences to be drawn therefrom. Others, we have been compelled to send back through the circuit court to the board for a statement of its findings of fact. Much time, labor, and costs will be saved if the board will conform to the requirement of the statute despite the fact that its failure to do so has not always been fatal to a consideration of its award in the courts.

In the case before us, the board made the following award. "This claim having been submitted to the Workmen's Compensation Board for trial and award upon the pleadings, proof and record, and the Board having considered same and being sufficiently advised, finds, orders and adjudges that the application for adjustment of claim filed herein be and the same is hereby dismissed, because the claimant has failed to meet the burden of proof in establishing the death of deceased employe as a result of a personal injury by accident arising out of and in the course of his employment with defendant

company." This is a mixed statement of law and fact and in no sense complies with the requirements of section 4933 of the statutes. The circuit court, on a petition for review, held just the opposite from the award of the board and awarded compensation to the dependents of the deceased employee of the appellant. This appeal is from that judgment of the circuit court. Although no evidence was introduced except by the appellees, and although the statements of their witnesses were not contradicted, yet the inferences of fact to be drawn from that evidence are susceptible of more than one conclusion. Hence the circuit court, in the absence of a finding of fact by the board, should neither have awarded nor refused compensation, but should have remanded the case to the board for a statement of its finding of fact and of its award on that finding. South Mountain Coal Co. v. Haddix, supra; Broughton's Adm'r v. Congleton Lumber Co., 235 Ky. 534, 31 S. W. (2d) 903; Octavia J. Mining Co. v. Calloway et al., 238 Ky. 438, 38 S. W. (2d)' 250.

The Judgment is therefore reversed, with instructions to the circuit court to remand this case to the board, with directions to file a statement of its finding of fact and its award on that finding.