## Yeager v. Mengel Company.

(Decided February 23, 1932.)

HUBBARD BROTHERS for appellant.

HUMPHREY, CRAWFORD & MIDDLETON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

James J. Sheffield, a young man 18 years of age, died in the city hospital in Louisville, August 6, 1929. By the death certificate and by evidence of physicians, it is shown that his death was caused by cellulitis, septicemia, and metastatic abscesses. Young Sheffield was employed by the Mengel Company and worked in its plant for some months previous to and including the 26th day of July, 1929, when he left the plant suffering from the disease which caused his death. He remained at the home of his

mother and under the care of a physician for some time; however, the disease developed so rapidly, and his condition became so grave, he was removed to the hospital.

Mrs. Abbie Yeager, mother of deceased, filed application for compensation with the workmen's compensation board, alleging that the death of her son was caused by an injury sustained in the course of his employment by the Mengel Company. After considerable delay, the case was submitted to the compensation board upon evidence produced by the respective parties, and on December 16, 1930, the board entered the following order:

"It is ordered and adjudged by the Board that the order entered on Dec. 2, 1930, is hereby set aside and held for naught. This claim is now submitted to the Workmen's Compensation Board for trial and award upon the pleading, proof, and record and the Board having considered same and being sufficiently advised, finds, orders and adjudged that the claimant, Abbie Yeager had failed to meet the burden of proof in establishing that James J. Sheffield, deceased, sustained a personal injury by accident arising out of and in the course of his employment resulting in death, and the application for adjustment of claim is hereby dismissed."

Thereafter and within the time provided by law, claimant filed her petition in the Jefferson circuit court asking for a review. After a consideration and review of the entire record brought up from the compensation board, the court entered the following memorandum opinion and judgment:

"The Court has read this entire record with great care. Considering all the testimony for claimant of every kind and character, it would appear sufficient to establish a prima facie case of injury while at work by being struck behind the ear with a wooden block as well as to show that this produced injury resulting in death. Opposed, there is testimony tending to show that such injury resulting did not occur, and indicating death to have been from a natural cause—a rising, a pimple or boil behind the right ear which became infected, resulting in death from cellulitis, septicemia, or blood poisoning.

"The issue was purely one of fact for the determination of the Compensation Board, and its finding

is not without evidence to support it; in view of which the Court is not authorized to disturb its resulting order, which will be accordingly affirmed."

From that judgment the petitioner has prosecuted this appeal.

Section 4933, Ky. Stats., relating to the administration of our Workmen's Compensation Law provides:

"The board, or any of its members, shall hear the parties at issue and their representatives and witnesses and shall determine the dispute in a summary manner. The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue, shall be filed with the record of proceedings, and a copy of the award shall immediately be sent to the parties in dispute."

This identical question has been presented to this court in a number of recent cases, and we find the prevailing rule to be that, where there is a dispute in the facts or as to the natural inferences to be drawn from the proof, and the award is not accompanied with a statement of the findings of fact, etc., as required by the statute, the case will be remanded back through the circuit court to the compensation board, with directions to make the award in strict conformity with the statute. South Mountain Coal Co. v. Haddix, 213 Ky. 568, 281 S. W. 493; Broughton's Adm'r v. Congleton Lumber Co. et al., 235 Ky. 534, 31 S. W. (2d) 903; Octavia J. Coal Mining Co. et al. v. Calloway et al., 238 Ky. 438, 38 S. W. (2d) 250; Hardy-Burlingham Mining Co. v. Hurt et al., 238 Ky. 589, 38 S. W. (2d) 460.

It was pointed out in the latter case that this court had finally disposed of some of the cases where there was no dispute in the facts or in the inferences to be drawn therefrom. In that case the board had made the following award:

"This claim having been submitted to the Workmen's Compensation Board for trial and award upon the pleadings, proof and record, and the Board having considered same and being sufficiently advised, finds, orders and adjudges that the application for adjustment of claim filed herein be and the same is hereby dismissed, because the claimant has

failed to meet the burden of proof in establishing the death of deceased employe as a result of personal injury by accident arising out of and in the course of his employment with defendant company.''

That award it will be noted is in all respects similar to the one under consideration here, being couched in practically identical terms. With reference to that award this court said:

"This is a mixed statement of law and fact and in no sense complies with the requirements of section 4933 of the statutes.''

And after pointing out that the inferences of fact to be drawn from the proof were susceptible of more than one conclusion, the opinion said:

"Hence the circuit court, in absence of a finding of fact by the board, should neither have awarded nor refused compensation, but should have remanded the case to the board for a statement of its finding of fact and of its award on that finding.''

It is stated in the chancellor's opinion that the evidence was sufficient to establish a prima facie case of injury received in course of employment, although there was evidence pointing the other way. In such circumstances, it was the duty of the circuit court to remand the case to the compensation board for compliance with the statutes in making its findings and award.

Judgment reversed, with instructions to the circuit court to remand the case to the board, with directions to file a statement of its findings of fact and its award on those findings in conformity with the statute.