## Stokes v. Black Hawk Coal Company's Receiver et al.

(Decided March 18, 1932.)

ROY HELM for appellant.

JOUETT & METCALF for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Reversing.

The appellant, Sophia Stokes, a colored woman, by her next friend, John B. Combs, filed her application before the Workmen's Compensation Board asserting a claim for compensation as the widow of Jim Stokes, who, she claimed, had been killed in an accident arising out of and in the course of his employment while he was working in the mines of the appellee. The latter defended on the ground, first, that the application for compensation had not been filed in time, and it pleaded the limitations prescribed by section 4914 of the Statutes; secondly, appellee asserted that the husband of appellant was not working for it and had not been killed in the mine explosion in which the appellant claimed he had been killed. To avoid the plea of limitations, the appellant, through her next friend, alleged that at the time of the fatal injury to her husband, and continuously thereafter, she had been mentally incompetent, and that she had had, during that period, no guardian, curator, or committee. In turn the appellee put in issue the alleged incompetency of appellant. In the mine explosion referred to, ten men are known to have been killed and

three injured. One of these men who were killed was John Taylor. Luella Taylor was awarded compensation as his widow. In her claim for compensation, the appellant first took the position that John Taylor was an alias for Jim Stokes, and that she, and not Luella Taylor, was the real widow of this Jim Stokes, alias John Taylor. This claim of appellant was denied by Luella Taylor. After considerable proof had been taken, appellant withdrew her claim that John Taylor was Jim Stokes, but continued to insist that her husband Jim Stokes had been killed in this mine explosion while working for the appellee. She produced some proof to substantiate her claim. Appellee produced a great mass of proof to establish the fact that there was no such person as Jim Stokes working for it at the time of the explosion, and that Jim Stokes was neither killed nor injured in that mine explosion. There was also evidence introduced pro and con on the question of appellant's mental incompetency; it being admitted that she had never been theretofore judicially so determined. On March 5, 1929, the Compensation Board entered this order:

"Whereas, on April 3, 1928, the Workmen's Compensation Board awarded compensation to the claimant, Luella Taylor, as a total dependent of John Taylor, deceased, upon motion of defendant herein, the Board now orders and adjudges that the application for adjustment of claim filed by Sophia Stokes in this case be and the same is hereby dismissed."

On review by the full board, it, on April 2, 1929, entered an order which stated that, after having considered the claim, it "sustained the order entered March 5, 1929." On petition for review in the circuit court, the orders of the Compensation Board were affirmed, and the application of appellant, through her next friend, for compensation dismissed. From that judgment of the circuit court this appeal is prosecuted.

It is urged that this case should be reversed with directions to the circuit court to remand it to the Compensation Board for a separation of the finding of facts and rulings of law, as section 4933 of the Statutes requires the Compensation Board to do. This contention will have to be sustained. In the case of Hardy-Burlingham Mining Co. v. Hurt et al., 238 Ky. 589, 38 S. W. (2d)

460, we pointed out the reasons underlying the provisions of this section of the statutes and the necessity of the Compensation Board complying with it. As we remarked in that case, whereas it is true that in some of the cases where the board has failed to comply with the statute we have been able to dispose of them because there was no dispute in the facts or in the inferences to be drawn therefrom, yet, where there is a dispute in the facts, and the applicable law turns on what conclusion of facts the board comes to, it is absolutely necessary that they make a finding of fact so that the reviewing court may know whether the law has been properly applied by the board to the facts as found. There was in this case an issue of fact, both as to the incompetency of appellant and as to whether or not her husband was employed and/or had been killed in the mine explosion. It is especially important that it be known what conclusion the board came to on the question of fact as to appellant's incompentency. It may have dismissed her claim because of its conclusion of the necessity of a prior judicial determination of appellant's alleged incompetency, or because it did not find her incompetent. But we cannot test the correctness of its decision until we know whether it is rested on conclusions of fact or conclusions of law as applied to found facts. We stressed the importance in the Hurt case, supra, of the board complying with section 4933 of the Statutes, and the necessity is illustrated by this case. See also, Octavia J. Coal Mining Co. v. Calloway, 238 Ky. 438, 38 S. W. (2d) 250.

The judgment is therefore reversed, with instructions to the circuit court to remand this case to the Compensation Board, with directions to file a statement of its findings of facts and its award on that finding.