## Consolidation Coal Company et al. v. Fields.

(Decided April 26, 1932.)

EDWARD C. O'REAR and J. E. CHILDERS for appellants.

HAWK & LEWIS for appellee.

Opinion of the Court by Stanley, Commissioner—Reversing.

The appellee, H. F. Fields, filed a claim with the Workmen's Compensation Board against the appellant on account of injuries sustained by an electric flash and shock. The company denied liability upon the ground that his condition was due to injuries received in an automobile accident, although the evidence was uncontradicted that, due to an "overload," the electrical machine which the claimant was cleaning did, at the time, emit such a flame of fire and burned and shocked him. His superior employees were aware of the fact that a greater burden was being placed upon the machine than it should have carried, and that there had been other such flashes. The board denied compensation. Upon a review the circuit court regarded the evidence refuting the abundant and persuasive evidence supporting the claim to be "vague, irrelevant and lacking in probative force," and

adjudged the employee substantial compensation for a permanent injury. The appeal is from that judgment.

Without passing upon the merits of the case and the propriety of the circuit court making an award, we are of the opinion that he should have remanded the case to the board for a compliance with section 4933 of the Statutes requiring a separation of the finding of fact and law. The order of the board simply dismissed the application, ''because the claimant did not receive a personal injury by accident, while employed by and working for the defendant which would entitle him to compensation.'' We have several times held that such an order does not comply with the provisions of the statute. Yeager v. Mengel Co., 242 Ky. 543, 46 S. W. (2d) 1076; Stokes v. Black Hawk Coal Mining Company's Receiver, 242 Ky. 849, —— S. W. ——, and cases therein cited.

The judgment is therefore reversed, with directions to remand the case to the board for further consideration, and the filing of a statement of its findings of fact and law separately.