## Standard Elkhorn Coal Company v. Royark et al.

(Decided May 17, 1932.)

JAMES & HOBSON for appellant.

JOE P. TACKETT for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Frank Royark, 66 years of age, on January 30, 1929, was an employee of the Standard Elkhorn Coal Company, engaged in loading coal, when he was run over and injured by "trip cars." In running over him they caught his right leg across the rail, injuring it; the weight of the cars resting on his hip and back. He was rescued by a fellow workman, and then taken from the mine to his home. When he arrived at his home his right thigh was discolored, his back skinned, blood running out of it, and his shoulder was bleeding. Within a short time he was conveyed to the hospital, where he remained sixteen days. After his injuries, he claims, he has been unable to work but little on account of his back and kidneys.

On the 30th day of January, 1929, he made application to the Workmen's Compensation Board for adjusted compensation. On evidence heard by it, the board, on the 17th day of June, 1930, awarded him compensation by an order in these words:

"This claim being on submission to the Kentucky Workmen's Compensation Board for an award and the board having considered the pleadings, proof and record, and being sufficiently ad-

vised, finds, orders and adjudges the plaintiff received an injury while working for the defendant resulting in temporary total disability for a period of five weeks followed by a permanent partial disability of 20 per cent to the man as a whole, as a result of the injury sustained. The plaintiff is awarded compensation of $13.65 per week for a period of four weeks and the further sum of $2.40 per week for the period of 331 weeks, with six per cent interest on all past due payments.''

It is admitted the Elkhorn Coal Company and Royark had accepted the provisions of the Workmen's Compensation Act, and that the company was operating, and he was working, thereunder at the time of his injury.

On July 5, 1930, the company filed under section 4935, Ky. Statutes, a petition in the Floyd circuit court for review. On February 16, 1931, the circuit court approved the award, and entered the judgment accordingly, from which this appeal is prosecuted.

It is insisted by the appellant that the award of the board makes no finding of fact; that the evidence showed that Royark was suffering from pre-existing diseases at the time of his injury; and that the Statutes require the board to find and determine what portion of Royark's disability was due to pre-existing diseases, if any, and what per cent was attributable to the injury he sustained, and that the award of the board does not show a finding in this respect; and that there was no evidence authorizing the board to find that he sustained any injury by the ''trip of cars'' running over him.

Royark claimed that his backbone was fractured and his kidneys were injured by the ''trip cars'' running over him, but admitted that his back and kidneys had hurt him a little and his leg was ''crippled,'' before he suffered the injury in the mine of the appellant. He also admitted he had worn a ''urinal'' for some time prior to the injury for which the award was made, and had been treated by a physician for kidney trouble, lumbago, and intestinal trouble prior to his injury, and was unable to hold his urine, and had to use a urinal; without it, he ''galled'' from the contact of the urine with his person.

Without detailing the evidence, it is manifest that Royark at the time he was injured in the mine of the

appellant was afflicted with "pre-existing" diseases. A reading of the award of the board is sufficient to show that it does not connote the existence of pre-existing diseases, nor does it attempt to proportion his disability arising from the pre-existing diseases and the injury for which the board undertook to award compensation. Section 4880, Ky. Statutes, expressly requires the board in its award to exclude the result of the pre-existing diseases. In its award it should have stated its finding of fact relative thereto. There is no finding of fact showing this statutory provision was regarded by the board when making its award, nor is there a statement of the board that the injury for which the award was made was not caused solely by the injury suffered by him in the appellant's mine. Elkhorn Coal Co. v. Combs, 214 Ky. 635, 283 S. W. 1007. For this reason, the judgment must be reversed. Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; South Mountain Coal Co. v. Haddix, 213 Ky. 568, 281 S. W. 493; Employers' Liability Assurance Corp'n v. Gardner, 204 Ky. 216, 263 S. W. 743; B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50.

It cannot be said that there was no evidence authorizing the board to find that Royark was not injured by the accident complained of by him. Robinson-Pettet Co. v. Workmen's Compensation Board, 201 Ky. 719, 258 S. W. 318.

Wherefore, the judgment of the circuit court affirming the award of the compensation board is reversed, and the action is referred to the board, with directions to determine the extent to which the appellee's injury and his pre-existing diseases contributed to his disability, and apportion the award accordingly, and to state its finding of facts on all of the issues determined by it, and for proceedings consistent herewith.