## Daniel Boone Coal Corporation's Receiver v. Fugate et al.

(Decided March 7, 1933.)

CRAFT & STANFILL for appellant.

M. K. EBLEN, T. E. MOORE and NAPIER & EBLEN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Shade Fugate was killed in the mines of the Daniel Boone Corporation, then being operated by John W. Hall as receiver. His widow and grandchildren applied for compensation on the ground that the accident arose out of, and in the course of, his employment. On March 3, 1931, the Workmen's Compensation Board rejected the claim. On review by the full board on May 5, 1931, the order of March 3, 1931, rejecting the claim, was sustained and affirmed. The applicants then filed in the Perry circuit court their petition for review. On July 3, 1931, the court entered the following order:

"Perry Circuit Court

"June Term, 23rd Day, 3rd Day of July, 1931.

"Seatte Fugate, Plaintiff, v. John W. Hall, Receiver for Daniel Boone Coal Corp. and Daniel Boone Coal Corporation, Defendants. Order.

"This matter having been submitted to the court upon the pleadings, proof and exhibits and the court being advised and having considered same is of the opinion that the judgment entered herein by the board is such a mixed statement of law and fact that the court is unable to tell upon what statement of facts the board arrived at its conclusion. It is, therefore, ordered and adjudged that this cause be remanded to the Workmen's Compensation Board of Kentucky and that said board is hereby ordered and directed to make a statement of its findings of fact and its award on said findings, but before so doing, said board is directed to permit the plaintiff to take and file the deposition of Dr. C. D. Snyder, whose affidavit appears in the record in this case and said board shall permit the defendant to take and file additional depositions if it so desires. After making its findings of fact and award thereon, said board is ordered and directed to forthwith certify same to this court and this cause shall remain on the docket of this court for further proceedings herein.

"To which ruling of the court the defendant objects and its objections being overruled the defendant excepts and prays an appeal to the Court of Appeals which is granted."

After the case had gone back and was pending before the Workmen's Compensation Board, the Perry circuit court entered an order striking the case from the docket. In the meantime the deposition of Dr. Snyder was taken. On February 16, 1932, the board, after setting out the facts, made an award in favor of the applicants against the defendant company. On May 3, 1932, the board, on full board review, rendered an opinion sustaining the award against the Daniel Boone Company, but refusing to amend the award so as to permit a recovery against the receiver. On June 18, 1932, Seatte Fugate, the widow, filed an amended and supplemental petition for review. The receiver challenged the jurisdiction of the court on the ground that the amended and supplemental petition for review was not filed within 20 days, and moved to dismiss, which motion was overruled. Thereafter the court sustained the amount of the award and adjudged a recovery against both the Daniel Boone Corporation and John W. Hall, its receiver. From that judgment this appeal is prosecuted.

The situation is one where the circuit court remanded the case for further proceedings before the Workmen's Compensation Board, and at the same time retained the case on the docket. In the very nature of things a case cannot be in two courts at the same time, or in one court and before the Compensation Board at the same time. It is true that while the case was pending before the Compensation Board the circuit court struck the case from the docket; but it does not appear that the applicants or their counsel were apprised of the court's action. Were we to uphold the receiver's contention that the circuit court was without jurisdiction on the ground that the amended and supplemental petition for review was not filed within 20 days, the result would be to approve a practice which, to say the least, was calculated to mislead the applicants and cause them to refrain from filing a petition for review within the required time on the theory that the case was already before the court. On the whole, we conclude that the ends of justice will be best subserved by reversing the judgment and remanding the case to the circuit court, with directions to remand the case to the Workmen's Compensation Board, to the end that the case may be fully developed before the board, and that thereafter either the applicants or the receiver, if they

so desire, may petition for review within the time fixed by the statute.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.