### Farmer Motor Co. v. Smith et al.
(Decided April 25, 1933.)
(As Modified on Denial of Rehearing June 20, 1933.)

BLAKEY, DAVIS & LEWIS for appellant.

DAVID C. HUNTER and I. JAY MILLER for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

On and prior to August 1, 1931, the appellee, Burt W. Smith, was employed by appellant, Farmer Motor Company, as a mechanic in its garage in Lexington, Ky. On August 1, 1931, while engaged in the work he was employed to do, he struck a boil, which he had on his right forearm, against the fender of an automobile, thereby knocking the top off of the boil, and blood and pus emitted from the boil, and appelllee then squeezed it in an effort to rid it of the rest of the pus. A bandage was applied to his arm by his foreman, and appellee continued work, thinking it was a minor injury. He kept the bandage on his arm two or three days and removed it. The boil continued to improve, and in a few days was healed up, leaving only a scar. On August 25, 1931, about three weeks after the injury to the boil, appellee was working on an automobile in appellant's garage. He was inside the car when the floor board of the car which had been laid in place, but insecurely fastened, slipped, and appellee's right leg and hip fell through the car into the parts below the floor boards. He felt some pain in his hip, but continued to work that day. The next day he reported for work, but the pain in his hip became so severe he quit and went home. He stayed at home about one week, and, his condition not improving, he called a doctor. He was sent to the hospital, where an examination disclosed that he was suf-

fering from a blood stream infection which had settled in his right hip which was injured in the fall through the car as above stated. Abscesses developed around the right hip joint, and eventually osteomyelitis, which destroyed the head and neck of the right femur. He stayed in the hospital about five months, and, when discharged, he had certain deformities of the hip and leg, and which totally, and probably permanently, crippled and disabled him.

On December 14, 1931, he filed his application before the Workmen's Compensation Board for adjustment of compensation, based on the accident of August 25, 1931 (injury to hip). On February 26, 1932, he amended his application setting out the injuries to the boil on his arm on August 1, 1931, alleging that his injuries and disability were caused by the accidental injury on August 25 or the accidental injury to his arm on August 1, or by both. All of this was denied by appellant in its response.

After a hearing before the board, it rendered its opinion on July 5, 1932, awarding appellee $6,000 compensation and $100 medical and hospital expenses, from which award appellant appealed to the Fayette circuit court.

The board's finding of fact on July 5, 1932, relating to the cause of appellee's disability, said:

"* * * Fourth: that plaintiff's disability is the combined result of the accident of August 1, 1931, and August 25, 1931."

It will be noticed that the board, in its finding of fact, did not make any finding relating to any pre-existing disease as required by section 4880, Kentucky Statutes.

It is argued for appellant that the boil with which appellee was afflicted was a pre-existing disease in contemplation of the Compensation Act provided for by the statute, supra. This statute requires the board in its award to exclude the result of any pre-existing disease. The appellee was afflicted with a boil is not denied, and there was much evidence in the record relating to the cause of the infection of appellee's hip, that is, whether or not the blood stream became infected from the boil in knocking the top off it while engaged in his work or

squeezing the boil (the latter act not being connected with his employment) was the cause of the infection of the blood stream, and whether or not this infection was the proximate cause of the infection of appellee's hip which resulted in his disability. The board in its award should have stated its finding of fact relating thereto. Kentucky Statutes, sec. 4880; Standard Elkhorn Coal Co. v. Royark, 243 Ky. 828, 50 S. W. (2d) 33; Fordson Coal Co. v. Bledsoe, 236 Ky. 409, 33 S. W. (2d) 302; B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50. Its finding merely states that his disability is the combined result of the accident on August 1, 1931, and August 25, 1931, but does not state whether or not his disability was contributed to in any degree by any pre-existing disease.

After appellant had prosecuted its appeal to the Fayette circuit court, and while yet pending, the Compensation Board on its own motion amended its finding of fact of August 16, 1932, in which amendment it set out that appellee's disability was the combined result of the accident on August 1, 1931, and August 25, 1931, and is not due in any degree to pre-existing disease. The Fayette circuit court on November 29, 1932, entered judgment sustaining the award of July 5, 1932, from which judgment appellant appeals.

Appellant assigns and argues the following errors as grounds for reversal: (1) In sustaining the amended award of August 16, 1932, as the case was then pending on appeal to the circuit court, and it was beyond the power of the Workmen's Compensation Board to amend its award at that time; (2) in sustaining the award of July 5, 1932, said award being defective in that it does not make a finding of fact relative to pre-existing disease, as is required by Kentucky Statutes, sec. 4880; (3) in sustaining both awards, or either of them, in any event, as there was no competent evidence to support or sustain the finding of the board.

Kentucky Statutes, sec. 4935, provides for an appeal by petition for review, filed in the circuit court, and that the Workmen's Compensation Board as well as the adverse parties in interest shall be made respondents; that summons shall issue upon the petition directing the adverse parties to file answer and directing the board to certify its complete record of the case to the

court, and, except misconduct or fraud is charged, the circuit court shall hear the cause upon the record or abstract thereto as certified by the board.

After an appeal is perfected pursuant to the statute, supra, the board's jurisdiction, right, or authority to take any further steps in the case ceases, while pending appeal. However, if the circuit court remands the case to the board, it then becomes reinvested with jurisdiction to take such steps as may be directed by the judgment or order of the court or otherwise authorized by law.

The board may upon its own motion under section 4902, Kentucky Statutes, review its award or order as authorized by the statute, supra, but this does not mean that it may do so while the action is pending on appeal. When an appeal is taken from any tribunal, it then loses jurisdiction to further act. Daniel Boone Coal Corporation's Receiver v. Fugate, 248 Ky. 507, 58 S. W. (2d) 905. It follows that the amended finding of fact of August 16, 1932, was a nullity, and the court should not have considered same for any purpose.

This brings us to complaint No. 2 in sustaining the award of July 5, 1932, because same does not make a finding of fact relating to pre-existing disease. This question has been before this court on numerous occasions, and it has been invariably held that, where there is any evidence conducing to show any pre-existing disease that may have within itself or in connection with an injury received contributed to the injury complained of, the board should make its finding relative thereto, and, if it fails to do so, its finding is defective in that respect. Kentucky Statutes, sec. 4880; Standard Elkhorn Coal Co. v. Royark, 243 Ky. 828, 50 S. W. (2d) 33; Fordson Coal Co. v. Bledsoe, 236 Ky. 409, 33 S. W. (2d) 302; B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50.

For this reason the circuit court should have remanded the cause to the board.

As the case will have to be reversed for reasons above indicated, it is not necessary to pass upon the evidence, which question is reserved.

Reversed and remanded for proceedings consistent herewith.