## Hardy-Burlingham Mining Co. v. Hurt et al.

(Decided March 23, 1934.)

535

CRAFT & STANFILL for appellant.
T. E. MOORE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is a second appeal. See Hardy-Burlingham Mining Company v. Polly Hurt et al., 238 Ky. 589, 38 S. W. (2d) 460. On the former appeal, the judgment was reversed, with directions to the circuit court to remand the case to the Workmen's Compensation Board to make a finding of fact and an award on its finding. On a return to the circuit court, a proper order was entered on our mandate; also remanding the case to the board as directed. The order, however, retained the case on the docket; with directions to the clerk of the court to send forthwith a copy of the court's order to the board, with directions to it after making its finding of fact and award to certify same forthwith to the court. A proper exception was saved to the order. The circuit

court improperly retained the case on its docket. Daniel Boone Coal Corp.'s Rec. v. Fugate et al., 248 Ky. 507, 58 S. W. (2d) 905. Notwithstanding this error, the pending case is distinguished from Daniel Boone Coal Corp.'s Rec. v. Fugate et al., in that, after the order of the circuit court was entered in the case, it was stricken from the docket without notice to Fugate. or his counsel. Here no steps were taken or orders entered in the circuit court from the entry of the order of which complaint is made to the making of the report of the Workmen's Compensation Board to the circuit court, in compliance with the latter's order. In the circumstances the retention of the case on the docket with directions to the board, while erroneous, was not prejudicial to the substantial rights of either party. The board made a finding of fact and a separate conclusion of law and reported the same to the circuit court. The board found and reported to the court that the burden of proof was on the Hurts to show the death of the deceased, Elhanon Hurt, was the result of a personal injury by accident, arising out of and in the course of his employment; his death was the natural and proximate result of a traumatic injury by accident, and the evidence in their behalf failed to meet these requirements. The Hurts are here conceding the circuit court committed a reversible error by the retention of the case on the docket, and simultaneously remanding it to the board with directions.

The Hardy-Burlingham Mining Company contends that, notwithstanding this reversible error, it is entitled to a review of the facts by this court and the application of the law thereto. In the latter's view we concur, and therefore shall dispose of the case on its merits.

The testimony of Dr. Jenkins must be looked to as evidence sustaining or not sustaining the finding of facts by the board. No other physician testified concerning the cause of the death of Elhanon Hurt. Whether a death is the proximate result of an injury can be established only by the testimony of experts, skilled in the medical and surgical profession; they being the only witnesses qualified to testify or express an opinion as to the cause of death. Donoho v. Rawleigh, 230 Ky. 11, 18 S. W. (2d) 311, 69 A. L. R. 1135.

While working for the Hardy-Burlingham Mining Company, Elhanon Hurt sustained an injury. He was loading steel rails, when one of them hit a tie, bouncing

and hitting Hurt on the head, knocking him unconscious. His fellow workmen took him from the mine into the open air where he rested and later was carried home. Within a few days he returned to work and worked irregularly for a while. Some time later he was carried to Louisville where he was examined and treated by Dr. Jenkins, a specialist in internal medicine. As such he took charge of Hurt on the 21st day of July, 1929, who was delirious, had fever, and showed evidence of brain irritation. He died July 23d. It was the opinion of Dr. Jenkins he died of encephalitis with the possible formation of a brain abscess. A history of the case was obtained by Dr. Jenkins from the patient during conscious intervals, and in part from the members of his family. As a part of the history, Dr. Jenkins was informed Hurt had been injured while at work about four or five weeks before his arrival at the hospital, and at the time of his injury was unconscious for a few minutes, then was taken to his home, where he suffered a great deal with his head, complaining of headache, for which he was given medicine by the local doctor. He did not make sufficient improvement to go back to work, complained of fever, increased pain, and remained in bed until he was carried to Louisville. Dr. Jenkins stated that from a medical standpoint the injury sustained by Hurt might have been a starting point of the process which caused his death, but he could not say positively. It was his firm conviction a post mortem examination was indispensably necessary to determine whether the injury sustained by Hurt was the cause of his death. He lists a number of diseases which might produce encephalitis, the immediate cause of his death. It was his opinion "there was no absolute conclusive symptoms of the particular type of encephalitis" which caused his death, and he was "unable definitely to determine the cause of the encephalitis" of which Hurt died. In such cases the proof that the injury was the proximate cause of the death need not be direct or positive. However, it must not leave the cause of the death of the employee in the field of conjecture or speculation. It must furnish a reasonable basis for the inference by the board of the ultimate facts that the injury sustained by the employee was the proximate cause of his death. Dougherty v. Garrick, 184 Minn. 436, 239 N. W. 153, 77 A. L. R. 1286.

It was the conclusion of the board that it was a mere conjecture, surmise, or speculation, considering

the testimony of Dr. Jenkins, whether the injury sustained by Hurt was the proximate cause of his death.

It is a familiar rule that neither the circuit court nor this court can reverse the Workmen's Compensation Board on an issue of proximate cause of injury, if supported by substantial competent evidence (B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50; Coleman Mining Co. v. Wicks et al., 213 Ky. 134, 280 S. W. 936), in the absence of fraud or mistake (Furnace Coal Mining Co. v. Carroll, 212 Ky. 1, 278 S. W. 171; Darby Harlan Coal Co. v. Fee et al., 214 Ky. 470, 283 S. W. 438; Wallins Creek Collieries Co. v. Cole, 218 Ky. 116, 290 S. W. 1049). Another modification of the rule is the evidence upon which its finding is based must be of substantial value carrying the quality of proof. J. L. Smith Coal Co. v. Hawkins, 222 Ky. 284, 300 S. W. 609. It is only where there is no evidence to sustain the finding of the board, the circuit court or this court may reverse its finding of facts. Inter-Mountain Coal & Lumber Co. v. Harris, 223 Ky. 258, 3 S. W. (2d) 602. The circuit court erred in disregarding these rules and entering a judgment in accordance with his own conceived conclusion not based on the evidence.

The judgment is reversed for proceedings consistent with this opinion.