## United States Coal & Coke Co. v. Creech et al.

Dec. 21, 1945.

James Sampson for appellant.

J. B. Wall for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an appeal from a judgment of the circuit court affirming an award by the Workmen's Compensation Board in favor of the appellees Martha Creech, Martha Maynard and Gilbert Maynard. The coal company opposed the claim on the ground that death resulted from tuberculosis instead of an injury which Creech had sustained. The board determined that the injury was a contributing cause of the death to the extent of fifty per cent and awarded the appellees compensation of $6 per week for four hundred weeks, or a total of $2400, together with medical expenses of $139 and burial expenses of $150.

The evidence shows that Bently Creech had been employed as a ''track man'' by the coal company at its mines at Lynch, Kentucky, for several years prior to December 23, 1941. His duties were to lay and repair track in the mine. On the day of his injury, December 23, 1941,

he was working on a track in the mine and because of a curve in the track it became necessary for him to use a tool called a "track bender." The "track bender" weighed about forty or fifty pounds. While carrying it on his back to the place where it was to be used he stumbled and fell over a cross tie, striking his chest against a header block, which resulted in such internal injuries that within a minute or so after he fell he spat up a mouthful of blood. He continued to work the remainder of the shift but, according to the testimony of the man who was working with him, he was unable to perform his duties in the usual and customary way. Because of the severe pain in his chest he remained at home the following day and Christmas day. The pain continued and on December 26th he was taken to the hospital at Lynch where he remained five or six days. At the time he entered the hospital the doctors thought he had pleurisy because of a fluid which had formed in his lungs. Later on this fluid contained some pus and although he left the hospital and on several occasions attempted to work at irregular intervals he grew progressively worse until his death on August 13, 1942.

The death certificate and all of the testimony shows conclusively that he died as a result of a tubercular condition. Three physicians testified, two of them asserting that death was due solely to tuberculosis and that the injury could not have been a contributing factor. The testimony of the other physician indicates that the injury may have aggravated the tubercular condition and caused it to flare up. He was asked: "Now, doctor, does a blow or injury cause tuberculosis?" To which he answered: "I think that a blow can render the soil more fertile for tuberculosis if the tuberculosis is already present." Again he was asked: "Can a blow which does not pierce the chest cause tuberculosis?" And he answered: "It would render the soil fertile for the development of tuberculosis at the site of the blow." The lay witnesses for the claimant clearly established that prior to the injury Creech had no symptoms whatever, of a tubercular condition. It was shown that he had always worked regularly and had suffered no illness of any consequence. There is absolutely no evidence of any pre-existing disease. The only fact which might indicate the diseased condition was a little hacking cough which the witnesses agreed that Creech had, but it was blamed on

the smoking of too many cigarettes. Most of the witnesses described this cough as a "cigarette cough."

It is shown that Creech's mother died of tuberculosis some thirty-one years prior to the accident and that his brother had been confined in a sanatorium because of the disease.

The only question on this appeal is whether or not there is sufficient evidence to sustain the findings of the Workmen's Compensation Board. The referee who heard the case made the award, the full board affirmed the award and, as indicated above, the circuit court sustained the findings of the board.

It seems clear to us that there is ample evidence to sustain the award, and we do not feel at liberty to disturb it. See Tafel Electric Co. v. Scherle et al., 295 Ky. 99, 173 S. W. 2d 810; Fordson Coal Co. v. Bledsoe et al., 236 Ky. 409, 33 S. W. 2d 302, and the authorities cited therein.

The judgment is affirmed.