## Ausmus v. Smith.

November 18, 1949.

Robert J. Watson for appellant.

James W. Smith for appellee.

JUDGE LATIMER—Affirming.

James N. Smith, by his father and next friend, Robert H. Smith, instituted this action seeking damages for injuries resulting from an alleged beating at the hands of Mrs. J. C. Ausmus. Trial resulted in verdict for plaintiff. Mrs. Ausmus prosecutes this appeal. She is urging reversal on the grounds plaintiff did not establish by medical proof that the conditions of which he complains are the direct and proximate result of the alleged tort and that the damages awarded are grossly excessive.

The assault and battery complained of occurred on or about the 19th of February, 1947 at 8:30 A. M. Appellee, a lad 10 years of age, and another boy were on their way to school traveling along the highway.

According to the testimony of appellee, as the car of Mrs. Ausmus drove by, another boy hit her car with a snowball or rock. Whereupon, Mrs. Ausmus stopped her car and approached the appellee, shook him, pulled his hair, slapped his face two or three times and hit him in the back two or three times with her fist and shoved him across the road.

Appellant says that as she was passing, the boys were throwing snowballs; that one of them threw a rock and broke the windshield of her car; and that she stopped only for the purpose of ascertaining their names that she might report them to the teacher. She admitted that she shook the boy, or one of the boys, but was not certain whether it was the appellee or the other boy. She insists that this was all she did. She is corroborated somewhat in this statement by the negative testimony of a Mrs. Branscomb. Appellee is supported in his statement by Dave Hammitte. The boys went on to school. After school hours appellee returned to the home of his grandfather, with whom he had lived for a number of years.

The grandfather testified that something appeared to be wrong with the boy; that he was pale and nervous and complained of pains in his back; that there were bruises on his back; and that the boy was unable to sleep that night because of the pain. In a day or so the boy was taken to Dr. W. K. Evans for attention. The Doctor was informed as to what had taken place. Upon examination the boy's urine was found to be milky and bloody. The Doctor testified that this condition could have been caused by a trauma such as had been related to him. He admitted, however, that the condition of the kidney could have resulted from disease. The evidence of the boy's father and mother is to the effect that the boy was never sick until after this assault, since which time, under the orders of the Doctor, he could now only attend school two or three days a week, can exercise but little, and that the distressful condition of the kidneys continues.

Under the evidence above, it cannot be said that there was no proof to show that the condition resulted from the assault. It was not necessary for the medical testimony to go further than to say that such condition

could have resulted from the injury. Certainly the evidence of the grandfather, the father, and the mother as to the condition prior to the assault and battery, and the condition following it, was ample evidence to show that, most likely, the condition resulted from the injury.

Appellant cites a number of cases in support of her theory. It is true mere conjecture, surmise, or speculation cannot be indulged in as to proximate cause. In the cited case of Hardy-Burlingham Mining Co. v. Hurt, et al., 253 Ky. 534, 69 S. W. 2d 1030, 1032, we said: "* * * In such cases the proof that the injury was the proximate cause of the death need not be direct or positive. However, it must not leave the cause of the death of the employee in the field of conjecture or speculation."

It cannot be plausibly said here that the jury was left to speculate or surmise. Appellee's testimony was that appellant struck him a number of times in the back with her fist. Blue spots showed on his body for several days afterwards. Prior to this beating the testimony shows the boy to have been well. After the beating a serious condition of his kidneys showed up. The Doctor stated that this injury could have caused this condition.

At the time of trial the boy was about 12 years of age. Since the injury, he has been under the continuous care of the Doctor, who testified that the condition hangs on. Plaintiff had asked $10,000 damages. The jury allowed $3,000. In the light of this evidence there is nothing to indicate passion and prejudice, and the evidence amply supports a judgment in that amount.

Appellee spends considerable time in discussing matters concerning the instructions. Appellant did not raise a question as to the instructions. Appellee made no cross-appeal. Consequently, we cannot here consider the question of instructions raised by appellee.

The judgment is affirmed.