## OLDHAM v. OFFICERS' CLUB OF FORT KNOX.

Court of Appeals of Kentucky.
Dec. 14, 1951.

W. C. Edrington, Louisville, for appellant.

E. R. Gentry, Louisville, Faurest & Montgomery, Elizabethtown, for appellee.

LATIMER, Justice.

Officers' Club of Ft. Knox filed a petition on appeal from an order of the Workmen's Compensation Board overruling its motion to reopen an award on account of changed condition of claimant. This is a companion case to one similarly styled 245 S.W.2d 451, in which the claimant sought to enforce an award of the Board.

While that case was pending before the Hardin Circuit Court appellee herein filed with the Workmen's Compensation Board its motion to reopen. The Board, in the belief that it had no jurisdiction while the other action was pending and consequently being without authority to take action, overruled the motion. Appeal to the Hardin Circuit Court was taken from that order. Claimant, Hazel Oldham, demurred specially to the petition on substantially the same ground the Board had stated as its reason for overruling the motion to reopen.

General demurrer was also filed. Both the special and general demurrers were overruled. The claimant having declined to plead further, the cause was submitted on the petition. The court allowed the ap-

peal; set aside the order of the Board refusing to reopen; and remanded the case with directions "to reopen the said award, hear the parties and determine whether said defendant is entitled to any compensation payment for any period after February 18, 1949, and, if any, how many and the amount of each payment."

It is insisted by appellant that the petition did not state a cause of action. We gather from the brief that appellant takes the position that it was necessary that the allegation of the petition for appeal should have been sufficiently specific to establish adequate grounds for reopening. It will be noted the petitioner did say "the petitioner further states that on March 14, 1950, it filed with the Board a motion to reopen said award on account of changed condition and filed therewith sworn medical evidence in support thereof; * * *."

The board did not consider the sufficiency of the motion and grounds for reopening the case, as evidenced by copy of board's order. The board merely held that it had no jurisdiction. This position of the Board was recognized by claimant's special demurrer to the petition on appeal for the same reason and on the same ground as contained in the order of the board refusing to reopen.

■ Appellant is here insisting that the board had no authority because of the pendency of the action in the companion case.

The board in its order cited and relied upon Farmer Motor Co. v. Smith, 249 Ky. 445, 60 S.W.2d 929. Appellant is relying on the same case. It will readily be seen that the rule enunciated in Farmer Motor Co. v. Smith is not applicable here. In the pending companion case the objective was merely the enforcement of an award and nowhere was there involved an appeal from any action or order of the board.

It could not be persuasively argued that had there been no action of any kind pending, the employer could not file a motion to reopen the case. The action for enforcement of the award was entirely independent of matters involved in the claim for compensation.

However, we meet difficulty when faced with the extent of the judgment in its direction to the Board after the case is remanded. It will be noted that directions were given to reopen the case, hear the parties and determine whether the claimant is entitled to any compensation payment for any period after February 18, 1949. It is obvious that this direction went too far. The court should have remanded the case with directions for the board to take jurisdiction and to hear the motion on its merits, with proceedings consistent therewith. To that extent, the judgment is reversed. In other respects, it is affirmed.