**BROWN et al. v. ASHFORD et al.**

Court of Appeals of Kentucky.

Oct. 10, 1952.

Rehearing Denied Nov. 21, 1952.

James Sampson, Harlan, for appellant.

W. J. Stone, W. R. Knuckles, Pineville, for appellee.

CULLEN, Commissioner.

On this appeal from a judgment affirming an order of the Workmen's Compensation Board that awarded compensation to the dependent mother of a deceased employe, the employer contends that there was no competent evidence to support the finding of the board that the employe's death resulted from an injury arising out of and in the course of his employment.

The employe was 26 years of age at the time of his death. The evidence in support of the claim for compensation was that on April 26, 1950, while cutting a steel rail in the course of his employment, the rail swung against him, striking him in the stomach at or slightly below the belt line and throwing him against the wall behind him; he remained at his place of employment for a short time, and then went home, holding his stomach and doubled over from pain; he returned to work the next day but was unable to work, and he remained unable to work until his death on September 26, five months after the accident; prior to the accident he was in good health and exhibited no outward evidences of disease or disability.

The employer produced Dr. Bolls, who testified that the employe came to see him a day or two after the accident, complaining of pain in the stomach region; the doctor examined him and found "a muscular soreness of the upper right rectus muscle," which is the muscle running "from the rib cage just slightly to the right of the mid line down to the pelvis;" the doctor found no external marks on the body, and

he administered heat treatments; approximately one month later the employe returned to the doctor, complaining of a severe pain over the liver, and with a definitely swollen abdomen; Doctor Bolls advised an operation, and on July 19 an operation was performed by Dr. Carr, with Dr. Bolls being present; the operation disclosed a cancer of the liver, so advanced as to be incapable of remedy. Dr. Bolls testified positively that in his opinion the death of the employe was caused by cancer of the liver and that the injury had nothing to do with causing the cancer. He said that he had "never read that an injury has been suspected of causing a cancer of this type," and he did not believe that an injury would cause a cancer of this type. He further testified that cancers of the type found in this employe always are fatal, and that in his opinion the cancerous condition had been present for at least a year before the operation.

On cross examination, Dr. Bolls admitted that he had heard and read the "theory" advanced that an injury or bruise could cause a cancer, but as far as he knew the theory had never been proven and he personally did not believe that a cancer may be caused by an injury.

The appellant relies upon Hardy-Burlingham Mining Co. v. Hurt, 253 Ky. 534, 69 S.W.2d 1030, and City of Owensboro v. Day, 284 Ky. 644, 145 S.W.2d 856, as authority for the proposition that whether death is the proximate result of an injury can be established only by the testimony of experts skilled in the medical and surgical profession, they being the only witnesses qualified to testify or express an opinion as to cause of death.

The appellee points out that the above cases were qualified in Ellis v. Litteral, 296 Ky. 287, 176 S.W.2d 883, 885, and she relies upon the principle announced in the latter case that where an uncontradicted series of events casts doubt upon the diagnosis of physicians, the evidence resolves itself into an issue of fact, as to cause of death, to be determined by the Workmen's Compensation Board. Appellee maintains that this case is controlled by the following quotation from the Ellis case:

"Where the burden of proof is on plaintiff to prove the probable cause of death, such burden does not cast upon him the necessity of disproving every other suggested cause. 71 C.J. Sec. 879, pp. 1069–1070. And where death follows soon after the injury of an able-bodied man, a presumption arises that the death was caused by the injury in the absence of other than conjectural testimony to the contrary. * * *"

In the Ellis case, the question was whether the employe died as a result of injuries to his back received in an accident two months before his death, or whether death was caused by a sunstroke he may have suffered two days days before his death. The opinion of one doctor that the death was caused by sunstroke was conjectural in nature, being based only upon information related to the doctor as to the circumstances surrounding the death.

In the case before us, we have a definite, positive statement by the only medical witness called to testify, that death was caused by cancer, the statement being based upon personal knowledge and observation by the witness of the cancerous condition. There was no room for an issue of fact as to whether the cancer caused the death; the only issue of fact that possibly could have existed was as to whether the injury caused or precipitated the cancer. The only evidence to offset the doctor's opinion that the injury could not have caused the cancer was his statement that he had heard of an unproved theory that cancer could be caused by an injury. This can not be considered competent evidence of probative value.

The sequence of events from the time of injury to the death—in other words, the disability of the employe following the accident, and his death within five months—does not cast doubt upon the correctness of the doctor's diagnosis.

While the evidence for the claimant, showing the death of an apparently able-bodied man within five months after his injury, may have raised a presumption that the death was caused by the injury, the presumption was overcome by medical.

testimony clearly of a higher quality than mere conjecture. The presumption therefore disappeared from the case, leaving the claimant with no evidence to support a finding that the injury contributed to or caused the death.

The judgment is reversed, with directions to enter a judgment setting aside the order of the Workmen's Compensation Board.